McMAHAN & EVANS v. COLCLOUGH.

1. A judgment was rendered against W. M. and W. F. E. and a writ of *fieri facias* issued thereon, against the goods &c., of W. W. M. and W. F. E. Held, that the insertion of the initial of a middle name, was not such a departure from the judgment, as to avoid the execution, and that if necessary, the judgment might be aided by the declaration, in which the defendants were described as in the execution.

2. Where it appears that the defendant confessed a judgment, but the *consideratum est per curiam* is, that the plaintiff recover of the defendants " the sum so *assessed* as aforesaid," &c ; the term " *assessed*" will mean nothing less than " confessed."

3. Where a judgment is confessed for a *debt*, while the execution describes it as being rendered, in consequence of " the non-performance of a certain promise and assumption," the variance is immaterial.

4. The omission of the words " late of your county" after the defendant's names in an execution, though contained in the statute form, cannot be regarded as essential to its validity.

5. The statute form supposes the damages and costs, for which judgment is rendered, to be added together, and an execution to issue for the aggregate ; it is however no objection to an execution, that it issue for the amounts of each separately stated.

6. It is no objection to an execution, that it was not issued by the clerk, or a *duly qualified deputy*—it may be made out and subscribed with the clerk's name, by his direction, and under his supervision, or afterwards adopted by him, though the manual labor of writing, may be performed by one merely appointed for that purpose.

THE plaintiffs in error moved the Circuit Court of Pike, to quash a writ of *fieri facias*, previously issued against their property on a judgment recovered against them in that court, by the defendant. The following causes were assigned as the grounds of the motion.

1. The judgment is rendered against William McMahan and William F. Evans, while the *fi. fa.* issued against the goods and chattles, &c. of William W. McMahan and William F. Evans.

2. The judgment did not authorize the issuance of the execution ; because it recites that the defendants in their proper persons, confessed a judgment for the sum of four thousand and eighty-nine dollars, and the consideration of the Court is,

" that the plaintiff aforesaid, recover of the defendants aforesaid, the sum so assessed as aforesaid, together with the costs, &c."

3. The judgment is confessed for a debt, while the execution describes it to be rendered in consequence of the " nonperformance of a certain promise and assumption.

4. The execution does not in its terms conform to the form prescribed by statute.

5. The execution was not issued either by the clerk or his legally authorized deputy.

The Circuit Court overruled the motion of the defendants below, and thereupon they prosecuted a writ of error to this Court, and here assign for error the causes there stated as the grounds of their motion.

DARGAN & BUFORD, for the plaintiff in error.
GOLDTHWAITE, for the defendant.

COLLIER, C. J.—1. The first ground on which the plaintiffs in error seek to quash the execution, is not maintainable. The insertion of the initial of a middle name for one of them, in the execution, is not such a departure from the judgment, as to avoid the process. Such an objection to an original writ, or a declaration, is not pleadable in abatement, or otherwise exceptionable. But the declaration designates the defendants to the action, by the same names that the execution does, and if it were necessary to aid the judgment in a particular, so very *unimportant*, reference might be had to the pleadings.

2. The second objection is alike untenable. The judgment though somewhat untechnical, is certainly a sufficient warrant for the issuance of an execution. It is clearly a judgment by confession, and the term " assessed," used in the *consideratum est*, will be intended to mean nothing less than " confessed."

3. If the third cause were well taken in point of fact, it would not avail the plaintiffs; the supposed variance between the judgment and execution is a very unessential matter of form.

4. The execution, after setting out the names of the defendants, proceeds thus " you cause to be made" &c. omitting

immediately after their names, "late of your county," which words are contained in the statute form. Again, the form prescribed, supposes the damages and costs to be added together, and the execution to issue for the aggregate sum; but in the case before us, the execution describes the respective amounts of costs and damages, and directs them to be made, &c. These variances, it is insisted, are fatal to the execution. We think otherwise. They relate merely to matters of form, without affecting the substance. It is not indispensable, (though always safest) that the statute form should be literally followed; if the substance is preserved, it is all the law requires.

5. It is conceded upon the record, that the execution, though not issued by the clerk himself, was issued by his agent, recognized as a deputy, but not qualified as such in the manner directed by law. It is not indispensable to the regularity of an execution, that it should be issued by the clerk, or a duly qualified deputy. If the clerk thinks proper, he can engage the services of an assistant to write for him; and if the execution is made out and subscribed with his name, by his direction, and under his supervision, or if made and subscribed with his name, and afterwards adopted by him, it would in point of law, be as much his act, as if the labor had been performed with his own hand. That such may have been the circumstances under which the execution issued in the present case, there is nothing in the record to disprove.

Under this view of the question, it is unnecessary to examine the statute, which prescribes the oaths to be taken by deputy clerks.

The judgment is affirmed.