# Smith *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Evidence as to relations between husband and wife, on charge of assault with intent to murder her.*—The defendant being indicted for an assault with intent to murder his wife by upsetting a canoe on the water, throwing her out, and holding her head under the water; and testifying in his own behalf, that the canoe was upset by accident, that he exerted himself to rescue her, and that their relations had always been very loving and affectionate; it is competent for the prosecution, in rebuttal, to prove very abusive words spoken of her by him while in jail, a proper predicate for their introduction having been laid.

2. *Charge as to reasonable doubt, and sufficiency of evidence.*—A charge which instructs the jury that, "if they believe from the evidence, beyond a reasonable doubt that the defendant is guilty as charged, they must not acquit him because there may be a mere probability of his innocence, unless such probability be a reasonable probability from all the evidence," asserts incompatible propositions, and is erroneous; but a charge which instructs them that the doubt of his guilt "must be actual and substantial, not mere possibility or speculation," is correct.

3. *Repeating charge.*—A party can not claim, as matter of right, that a charge already given on request shall be repeated; yet, if it asserts a correct legal principle, and is not in exactly the same words, the better practice is to give it as requested.

FROM the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

The appellant, Millard Smith, was indicted, tried and convicted of an assault with intent to murder Christine Smith, his wife; and was sentenced to the penitentiary for ten years. The testimony for the State tended to show that, on one occasion, while the defendant was out fishing in a pond with his wife and three children, he made the boat capsize. The water in the pond was from three feet to three feet two inches in depth. Upon the capsizing of the boat, the defendant took

both the two larger children, and placed them in the boat which he had turned back, the right side up; that as the wife, with the infant in her arms, was starting to the boat, the defendant pushed her down, and as she tried to get up, he caught her by the neck, and held her head under the water, until he was halloed at by some witnesses on the bank; that then he took the wife and infant in his arms, and carried them on the bank, at the same time pushing the boat, in which were the older children. The wife was afterwards resusitated. The testimony for defendant tended to contradict this evidence by showing that the boat was accidently capsized, and that the wife was unintentionally thrown down in the water, while the defendant was trying to rescue her and the children. The wife was sick for some time after, and there was evidence showing that there were marks of finger-prints about her neck. Upon the examination of the defendant as a witness in his own behalf, after testifying that his relation with his wife was very loving and affectionante, he was asked while he was in jail, in the month of December, 1890, if he did not, in the presence of the sheriff and his deputies, speak of his wife, and say "that she was a damned whorish bitch, that she was a mother of a bastard child, and had brought all of this trouble on you; and that if you had to go to the penitentiary, she would have to go there too." The defendant objected to this question, and excepted to the overruling of his objection. He answered: "I did not, I got mad with my wife while in jail, and spoke of her to the sheriff and the deputies, but did not use that language." The sheriff and the deputies testified, against the objection of the defendant, that he did use such language to them at the time and place specified.

At the request of the State's attorney, the court gave the following written charges: (1.) "If the jury believe from the evidence that the defendant is guilty as charged in the indictment, beyond a reasonable doubt, they must not acquit him because there may be a mere probability of the defendant's innocence, unless such probability be a reasonable probability from all the evidence." (2.) "The doubt of the defendant's guilt must be actual and substantial, not mere possibility or speculation. It must not be a mere possible doubt, because everything relating to human affairs, and depending upon moral evidence, is open to some possible or imaginary doubt." The defendant excepted to the giving of each of these charges, and also to the refusal of the court to give the general charge in his behalf, and the following written charge: (4.) "The defendant is authorized under the statute to testify in his own behalf, and the jury have a right to give full credit to his

[Smith v. The State.]

statements." The bill of exceptions, in this connection, recites, that "the court had already, in addition to its general charge on defendant's evidence, given the following special charge in writing at defendant's request, 'The defendant has a right to testify in his own behalf, and the jury has a right to believe his statements.'"

S. M. BAINS, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Whether the defendant attempted to drown his wife by holding her head under the water, or whether, in what he did, he was attempting to rescue her, was the material question of contestation in the trial of this case. The theory of the prosecution was, that the defendant intentionally upset the canoe in which they were sitting on the water, threw his wife out, and not only made no attempt to rescue her, but held her head under the water that she might drown. She was taken out insensible, but subsequently revived. The contention of the defense was, that the canoe was upset accidentally, and that the defendant exerted himself actively and earnestly to save his wife from drowning. The water was a pond, and not of swimming depth to adults. It was about three feet and two inches deep.

This being the issue, it was manifestly competent to prove whether the relations between husband and wife were those of love and affection, or the contrary. Such testimony would shed light on any act or conduct of his that was of disputable ostent. It was a legitimate aid to the jury in arriving at the motive or intent of the accused, in what the testimony satisfies the jury he did, or attempted to do. It follows that, if the defendant uttered the words of bitterness and reproach against his wife which witnesses testified he spoke while in prison, this was competent evidence in rebuttal of his own testimony, previously given, that their relations had all the while been loving and affectionate. The court did not err in receiving this testimony.

In giving the first charge asked by the prosecuting attorney the City Court erred. Its propositions are incompatible. There can not be a belief of defendant's guilt beyond a reasonable doubt, and, at the same time, a probability of his innocence. Probability is "that degree of evidence, or that appearance of truth, which induces belief, but is not certainty." We say any given proposition is probable, when it has more evidence for than against its truth. We use the word *evidence*

in the sense of proof, or testimony which is believed. When this is the case—in other words, when the testimony, after being properly weighed by the jury, enables that body to affirm that there is more testimony in favor of defendant's innocence than there is of his guilt—a conviction of guilt "beyond a reasonable doubt" is impossible. The second charge substitutes the word "possibility," and is free from error.

The fourth charge asked by defendant asserts a correct legal proposition; but no suitor, civil or criminal, can claim, as matter of right, that a charge once given at his request, shall be repeated. It is better and safer, however, if the charge assert a correct legal principle, when viewed in connection with the testimony, that it be given, unless it is an exact copy of one previously given in charge.

The questions raised on the motion in arrest of judgment we need not consider, as they will not probably arise again.

Reversed and remanded.