# Burns v. George.

### Action on Official Bond of Sheriff.

1. *The owner of a judgment, the party aggrieved by failure to collect execution.*—The owner of a judgment is "the person aggrieved" by the misfeasance of the sheriff in failing to make the money on execution issued thereon, and may maintain an action on the sheriff's official bond in his own name. (Code of 1886, §2575).

2. *General averment of ownership sufficient.*—In an action on the official bond of the sheriff by the assignee of the judgment, for failure to make the money on an execution, it is sufficient to aver the plaintiff's ownership of the judgment in general terms, leaving it to the evidence, upon proper issue made, to show how it was acquired, and, if essential, that it was assigned on the records of the court.

3. *Court costs and attorney's fees, incurred in defending supersedeas against an execution on bond returned by sheriff, as damages.*—When the sheriff returns what purports to be a forthcoming bond for property levied on under execution, and, upon default, an execution is issued thereon, which is superseded and quashed on the ground that the obligors did not execute the bond, the necessary costs and attorney's fees incurred by plaintiff in defending the supersedeas proceedings are the natural, and proximate results of the sheriff's misfeasance, and may be recovered in an action on his official bond.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

This action was brought by appellee, Alice H. George, against A. W. Burns, Sheriff of Etowah County, and the sureties on his official bond. The complaint avers substantially: That an *alias* execution was issued on a judgment rendered in favor of W. P. Lay *et al.*, *Exrs.*, *&c. v. James Young*, and that plaintiff "was the owner

[Burns v. George.]

of said judgment at the time of the issuance of said execution, and has been ever since then the owner of said judgment;" that the execution was levied by the sheriff on certain property as the property of said Young; that the sheriff released the property without taking a bond therefor, and failed to make the money on the execution for want of due diligence, whereby plaintiff lost the proceeds of her judgment, and further, that the "sheriff returned what purported to be a bond for said above mentioned property, and an execution was issued on said bond, whereupon a *supersedeas* was sued out by said James Young and sureties, on grounds that they did not execute the bond  *  *  *  and said execution was then and there quashed on the trial of said *supersedeas*, whereby plaintiff was put to the expense of attorney's fees and court costs, and she hereby claims the further sum of two hundred and fifty dollars as special damages on account of said court costs and attorney's fees, the damage of plaintiff, as above stated." The defendants demurred to the complaint on grounds substantially that plaintiff can not maintain the suit in her own name; that it was not shown the judgment was assigned on the record and attested by the clerk; that the execution was sued out in the name of the original plaintiff, and not for the use of this plaintiff. The defendants moved to strike the claim for costs and attorney's fees, on the ground that the facts shown do not render defendants liable therefor, nor show that they have been paid; nor in what matter they were incurred; and that the claim for attorney's fees is too remote. Defendants also demurred specially to the claim for costs and attorney's fees on the same grounds as the motion to strike. The demurrers and motion were overruled. From a judgment for plaintiff, defendants appeal.

BURNETT & CULLI, for appellants, cited, Code of 1886, §2927; *Crofford v. Vassar*, 95 Ala. 548; *Flournoy v. Lyon*, 70 Ala. 308; *Copeland v. Cunningham*, 63 Ala. 296.

GEO. D. MOTLEY, and DORTCH & MARTIN, *contra,* cited, Code of 1886, §2575.

MCCLELLAN, J.—The complaint avers that the

plaintiff was the owner of the judgment in the case of
*Lay et al. v. James Young,* "at the time of the issuance of
the execution thereon, and has been ever since then the
owner of said judgment." She is "the person aggrieved"
by the alleged misfeasance of the sheriff in respect of
making the money on the execution, and entitled
to sue on his official bond in her own name under sec-
tion 2575 of the Code (1886).

It was sufficient for plaintiff to aver her ownership of
the judgment in general terms, leaving it to the evi-
dence upon proper issue made to show how she acquired
it, and, if essential, that it was assigned to her on the
records of the court.

The complaint alleges that she "was put to the ex-
pense of court costs and attorney's fees" in defending
against the writ of *supersedeas* sued out by the defend-
ant in execution, etc., etc., and claims "the sum of two
hundred and fifty dollars as special damages on ac-
count of said court costs and attorney's fees, the dam-
age of plaintiff as above stated." We construe these
averments to mean that plaintiff had incurred, or in-
curred and paid the sum of two hundred and fifty dol-
lars costs and fees in the *supersedeas* proceeding; and so
hold that the claim for these special damages is suffi-
ciently stated. The necessity for this expenditure result-
ed naturally and proximately from the facts averred
that the sheriff returned what purported to be a bond for
the forthcoming of the property levied on, that an exe-
cution was issued upon said bond, and that *supersedeas*
was prosecuted by the putative obligors on said bond
on the ground that they did not execute the said bond.
On this state of case, the plaintiff in execution without
fault on her part was justified in and put to the neces-
sity of defending the execution, and she is entitled to
the expenses she incurred in that behalf.

The other points presented by this record were cor-
rectly decided by the court below—so obviously so that
they require no discussion.

Affirmed.