# Burns, *et al., v.* George.

*Action on Sheriff's Bond for Failure to Make Money on Execution.*

(Decided Jan. 16, 1908. 45 South. 421.)

1. *Judgment; Assignment; Mode and Sufficiency.*—Judgments may be transferred by parol or in writing, and an assignment of a judgment made in the mode not prescribed by the statute passes such an equity in the judgment assigned as entitled the assignee to sue on the judgment, or have execution issued thereon.

2. *Sheriff; Misfeasance; Persons Aggrieved; Statutes.*—Where the executors of an estate recovered a judgment in their official capacity, and in the division of the estate by lots the judgment fell to one of the heirs thereof, such person was the one aggrieved by the failure of the sheriff to make the money on the execution issued on th judgment and such person may, under section 14, Code 1896, sue on the bond.

3. *Same; Pleading.*—The failure to set out the names of all the parties in the execution, as was done in the judgment on which it was issued, was a mere irregularity of which the defendants in an action against the sheriff and his official bond could not take advantage.

4. *Same.*—Where several executions are levied upon personal property, and a bond for the forthcoming of the same is taken by the sheriff payable to the several execution creditors, it is not a statutory bond within the meaning of section 1916, Code 1896

5. *Same.*—One suing on a sheriff's bond for failure to levy properly an execution issued on the judgment may recover for costs and attorney's fees incurred in defending a supersedeas proceeding issued against the execution.

6. *Trial; Refusal to Give Instructions Already Given.*—It is not error to refuse instructions substantially covered by written instructions already given.

[Burns, et al. v. George.]

7. *Same; Issues.*—Charges which instruct the jury generally to find for the defendant are properly refused, although directed to the counts unsupported by evidence, where there are counts supported by the evidenc.

APPEAL from Etowah Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Alice H. George against A. W. Burns and others. From a judgment for plaintiff, defendants appeal. Affirmed.

It is alleged that a fi. fa. was levied by Burns on certain property, and the breaches declared on are that the sheriff released the property without taking the bonds required by law; (2) that he released it without taking a statutory bond provided by law; (3) that he released the property without taking any bond for it; (4) that he failed to make the money on the execution; (5) that he failed to make the money on the fi. fa.; (6) that he failed to make the money on the fi. fa. for want of due diligence, whereby plaintiff has lost the proceeds of his judgment; (7) that said Burns returned what purported to be a bond for said above-mentioned property, and an execution was issued on said bond, whereupon a supersedeas was sued out by said James Young and sureties, on the ground that they did not execute the bond returned by the said Burns as sheriff, and plaintiff was put to the expense of attorney's fees and court costs in and about the defense of said superseadeas, for which he claims as special damages the sum of $250 additional. It is averred that the execution was issued on a judgment rendered by the circuit court of Etowah county in favor of W. P. Lay and others, as executors of the estate of W. P. Hollingsworth, deceased, against James Young; that plaintiff was the owner of said judgment at the time of the issuance of said execution, and has been ever since the owner of said judgment. The evidence showed that on the 29th day of March, 1888, W. P. Lay, John S. Payden,

and James Aiken, as executors of the last will and testament of W. P. Hollingsworth, deceased, recovered of James Young a judgment in the circuit court of Etowah county in the sm of $405.45 and $11 costs. This was shown by the introduction of the minutes of the court over the objection of the defendant. It was further shown by the records of the court that an alias fi. fa. issued on said judgment on December 6, 1892, was received in the office of the sheriff the next day, and levied on the property described in the complaint on December 8, 1892, whereupon the defendant in the judgment and fi. fa. executed a replevy bond to one W. P. Lay and others, as executors, to S. J. Harcrow and M. B. Rogers, for the forthcoming of said property to the proper officer by 12 o'clock noon on Friday, the 8th day of December, 1892. (It appears that the sheriff had three executions against the defendant Young, levied them all at the same time, and took one bond only for the forthcoming of the property to satisfy the three executions.) The bond was returned by the sheriff to the clerk, marked forfeited. The clerk issued execution thereon against the principal and his sureties, and they in turn superseded the execution and upon a trial were held not liable on the bond. It was shown by W. P. Lay by parol that Alice George was an heir of W. P. Hollingsworth, and that in distributing the notes, accounts, and other choses in action belonging to the estate they were divided as equally as possible and put in packages equaling in number the heirs to the estate, and were drawn, and that the plaintiff in this case, Alice George, drew the package containing this judgment; that this drawing happened in 1890 or 1891; and that since that time she had been the owner of the judgment. The record of the official bond of the sheriff was introduced, as was the record of the court in all the proceedings, all of which was objected to, because there

was higher and better evidence of the same, and for other reasons not necessary to be set out. Objctions were interposed to all the records of the judgment, executions issued thereon, and alias fi. fa.'s because they showed that they were in the name of other parties than that of the plaintiff, and failed to show that plaintiff had any interest therein.

P. E. CULLI, and A. E. GOODHUE, for appellant. Under the execution in the sheriff's hands, and on judgment rendered in favor of the executors without the individual names appearing in the record, was void.—*Joseph v. Joseph*, 5 Ala. 280; *Loach v. Robbins*, 102 Ala. 288. The judgment is not a contract, express or implied, for the payment of money within the meaning of the statute which requires actions on such contracts to be brought in the name of the party really interested under section 28, Code 1896, and an action on it is properly brought notwithstanding its assignment, in the names of the original plaintiff.—*Woolf v. Eberlin*, 74 Ala. 99; *Masterton v. Gibson*, 56 Ala. 56; *Johnson v. Martin*, 54 Ala. 271; *Smith v. Harrison*, 33 Ala. 706. Section 14, Code 1896, will not help plaintiff here.—*Jacobs v. Bogarth*, 128 Ala. 678.

GEO. D. MOTLEY, and DORTCH, MARTIN & ALLEN, for appellee. The judgment was assignable either in writing or by parol, and its assignment by parol passed such an equity in it to the assignee, entitling assignee to sue or have execution thereon.—*Gardner v. M. & N. W. Ry. Co.*, 102 Ala. 635. Having accepted a defective replevy bond, the sheriff and his sureties are liable to the plaintiff for resulting damages.—*Traweek v. Hurd*, 97 Ala. 715. The damages is the amount of the judgment and the cost.—Sec. 1917, Code 1896; *Traweek v. Hurd, su-*

*pra.* The bond taken by the sheriff was not a statutory bond.—Sec. 1916. The plaintiff being entitled to the affirmative charge, any other error was without injury. —*Southern B. T. & T. Co. v. McTyer,* 137 Ala. 610.

DOWDELL, J.—This is an action against the sheriff and his sureties on his official bond. There are a number of breaches assigned in the complaint. The rulings on the pleadings were settled on a former appeal.— *Burns v. George,* 119 Ala. 504, 24 South. 718.

"Judgments, having the assignable quality of choses in action, may be transferred by parol or in writing; and such assignment, though not made in the mode prescribed by the statute, passes an equity in said judgment, entitling the assignee to sue on the judgment or to have execution issued thereon."—*Gardner v. N. W. Ry. Co.,* 102 Ala. 635, head note 1, 15 South. 271, 48 Am. St. Rep. 84. "For any breach of an official bond or undertaking of an officer of this state, executor, administrator, or guardian, or of any bond or undertaking given in an official capacity to the state, or any officer thereof, the person aggrieved may sue in his own name, assigning the appropriate breach."—Code 1896, § 14; *Burns v. George, supra.* The plaintiff was, at least, the equitable owner of the judgment on which the execution issued. She was undoubtedly the party aggrieved in the failure to make the money on the execution. The suit on the bond for its breach was properly instituted in her name.

The failure to set out the names of all the parties in the execution which was levied, as was done in the judgment on which it issued, was a mere irregularity, and of which the defendants in this action on the official bond for its breach can take no advantage.

The forthcoming bond taken by the sheriff, payable to others besides the plaintiff in execution, was not a statutory bond.—Code 1896, § 1916.

Attorney's fees and costs incurred in defending against the supersedeas proceedings constitute recoverable damages in actions of this character.—*Burns v. George, supra.*

It is not error to refuse charges that have already been given in the trial; nor to refuse charges which are but substantial duplicates of charges already given.—*Murphy v. State,* 108 Ala. 13, 18 South. 557; *Smith v. State,* 92 Ala. 30, 9 South. 408; *Railroad Co. v. Burgess,* 116 Ala. 509, 22 South. 913; *Coghill v. Kennedy,* 119 Ala. 641, 24 South. 549.

Where there are two or more counts in a complaint, and there is evidence to support any one of them, charges directed to other counts, unsupported by any evidence, but which instruct the jury generally to find for the defendant, are properly refused.

There was no error in permitting the plaintiff to prove her ownership of the judgment in the manner disclosed in the record.

We find no reversible error, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., cur.