# Walling v. The State.

## Abusive Language.

(Decided June 17, 1915. 69 South. 236.)

1. *Name; Middle Name; Indictment.*—In an indictment, the middle name of defendant is treated as surplusage, and may be ignored.

2. *Same; Contraction.*—Where the indictment was against Willie Walling, the name "Willie" was one and the same with "William," and such indictment was good against Willie Thomas Walling, ignoring the middle name.

3. *Evidence; Judicial Knowledge; Name.*—When the name Willie is applied to a male, the court judicially knows it to be used as a corruption for William.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Willie Walling was convicted of using abusive, insulting or obscene language in the presence of a female, and he appeals. Affirmed.

J. A. CARNLEY, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was indicted under the name of "Willie Walling," and he filed a plea of misnomer alleging, among other things, that his true name was "William Thomas Walling."

(1) Ignoring, as the law requires, the middle name, "Thomas," given in the plea (*Smith v. State*, 8 Ala. App. 192, 62 South. 575), the solicitor's demurrer to the plea, which demurrer the court sustained, upon the ground, as stated in the demurrer, that the names "Willie" and "William" are one and the same in law.

[Murphree v. The State.]

(2, 3) While the statement that the names "Willie" and "William" are one and the same in law is not always nor literally true, since "Willie" is often used as a distinct name from William," and as the real Christian name of a girl, yet when the name "Willie" is applied, as here, to a male, we know judicially, as a matter of common knowledge, it to be used as a corruption of "William," and hence the two are in this case the same in law, as was asserted in the demurrer.

In 29 Cyc. 269, we find the following text, which covers the proposition, to wit: "Where two names have the same original deriviation, or where one of such names is a contraction or corruption of the other name, and in common usage they are considered one and the same, the use of one name for the other is entirely immaterial."

See, for application of the doctrine, *Bruley v. Griffith,* 35 Va. 442, and other cases cited in note 42, p. 270, of 29 Cyc.

Affirmed.