181 So. 506

## SANDERSON v. STATE.

### 6 Div. 175.

Court of Appeals of Alabama.

Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

Affirmed on Mandate May 17, 1938.

J. B. Powell, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

■ The indictment charged the defendant with murder in the second degree, in that, he unlawfully, and with malice aforethought killed William Holloway by shooting him with a gun, etc. The evidence, without conflict, disclosed that the dead man's true name was Woodie Holloway, but that he was sometimes called, and answered to the name of Will Holloway. The insistence is here made of a variance between the allagata and probata. The court ruled that Will and William were one and the same name. The evidence left no doubt as to the identity of the dead man.

The general rule, supported by almost unanimous authority, is to the effect that where two names have the same original derivation, or where one of such names is a contraction or a corruption of the other, and in common usage, they are considered one and the same, although differing in sound. The use of one name for the other is entirely immaterial. For instance: Alex and Alexander, Patterson v. State, 63 Tex. Cr.R. 297, 140 S.W. 1128; Arch and Archibald, Rupert v. Penner, 35 Neb. 587, 53 N.W. 598, 17 L.R.A. 824; Barnie and Barnabus, McGregor v. Balch, 17 Vt. 562; Bella and Belle, Reid v. State, 168 Ala. 118, 53 So. 254; Bess, Bessie, Bettie, and Elizabeth, Thomas v. Desney, 57 Iowa, 58, 10 N.W. 315; Bill and William, Burley v. Griffith, 8 Leigh (Va.) 442; Bob and Robert, Alsup v. State, 36 Tex.Cr.R. 535, 38 S.W. 174; and many other authorities from courts of last resort all over the United States. The above rule has been adopted by this court where it was held that Willie and William, where the individual is a male person, are one and the same. Walling v. State, 13 Ala.App. 253, 69 So. 236. From the above, we conclude that in an indictment alleging the name of a deceased person to be William, proof that he was generally known and called Will, presents no variance. The court was without error in so holding.

■ Charge 3 requested by the court asserts a correct proposition of law, but in the case at bar is abstract. There is no evidence appearing in this record indicating, either directly or indirectly, instructions from the court bearing on the sufficiency of the testimony, or the credence to be given to the testimony of witnesses which would, in the least, affect the substantial rights of the defendant. The oral charge of the court, and the written charges, given at the request of the defendant, upon this objection is a fair and able presentation of the law, without any indication of a leaning by the court against the defendant's contention. There was no error in refusing this charge.

■ The defendant requested the court, in writing, to give the following charge, to wit: The court charges the jury that if the witness, "Boots Brown," has been impeached, his entire testimony may be disregarded, unless corroborated by the testimony not so impeached. This charge finds

support in the case of Churchwell v. State, 117 Ala. 124, 23 So. 72. But, we have examined this record, and nowhere do we find that "Boots Brown" testified. This would render the charge abstract.

In the trial of a homicide case where there is evidence tending to support the plea of self-defense, the general character of the deceased as being a dangerous and blood-thirsty man, may be given in evidence to be considered with all the other evidence in the case. And, in such a case, where the character of the deceased has been shown to be that of a dangerous and blood-thirsty man, a charge substantially as charge 14 refused to the defendant would be proper. Smith v. State, 88 Ala. 73, 7 So. 52. But, in the instant case there is no evidence that the deceased bore such a character in the community in which he lived. And while there is some evidence tending to prove that on the night of the fatal difficulty, the deceased beat his wife and flourished a pistol at a dance where people were congregated, this, is not such evidence as would justify the jury in finding that the deceased bore the character of a dangerous and blood-thirsty man, generally. Charge 14 was therefore abstract.

Charge 15 requested by the defendant, in writing, and marked refused by the trial judge, is as follows: "The court charges the jury that the defendant is authorized under the statute, to testify in his own behalf, and the jury have a right to give full credit to this statement." This charge was considered and held to state a correct proposition of law in an opinion written by Stone, Chief Justice, in the case of Smith v. State, 92 Ala. 30, 9 So. 408. And, so far as we have been able to find, the statement made by the great Chief Justice has never been questioned or qualified.

Section 9509 of the Code of 1923 provides that: "Charges moved for by either parties must be in writing, and must be given or refused in the terms in which they are written." When these charges assert correct propositions of law, applicable to the case then being tried, they should be given, and a refusal to give such charges, as requested, constitute error. Code of 1923, § 9508; McKenzie v. State, 19 Ala. App. 319, 97 So. 155.

The question then arises, as to whether or not such error should result in a reversal, by reason of Supreme Court Rule 45. This rule has been rather liberally applied in our modern decisions, and where it is ascertained that the same principle as requested in the refused written charges has been substantially given by the court, either in its oral charge or in written charges given at the request of the defendant, we have held that reversal is not authorized. But, in the instant case, the charge has not been substantially given by the court, either in its oral charge or in written charges, and, we think, it very important to a defendant, on trial in a hotly contested homicide case, to have the jury instructed as to the rules applicable to testimony of the defendant, when testifying in his own behalf. The error was prejudicial. The charge should have been given as requested. And, from the reading of this entire record, we are impressed that the error entitles the defendant to a reversal of this case.

Other charges, not hereinabove discussed, were either faulty or the same principles had been given to the jury by the court.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

PER CURIAM.
Affirmed on authority of Sanderson v. State, 236 Ala. 27, 181 So. 508.