194 So. 712

### WHEATON v. STATE.
### 3 Div. 827.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 12, 1940.

232

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant was indicted for the murder of Artie D. Young. He was convicted of murder in the second degree, and from the judgment of conviction he appeals.

It is strenuously insisted by appellant that the defendant is entitled to the general affirmative charge on account of a variance between the allagata and the probata; in that, the person alleged to have been murdered was designated in the indictment as Artie D. Young, whereas the proof named the deceased as Artis D. Young.

In Stone v. State, 115 Ala. 121, 22 So. 275, it was held that when an injury to the person or property of another is the offense charged, a material averment of the indictment is the identity of such person. If the name of such person is stated, a variance between the allegation and proof as to such name is fatal. The allegation and the proof must correspond.

This statement has long been the law in this state, and we have no desire to depart from it; although, it may at times appear to be highly technical. As to this, we are thoroughly satisfied as to the rule

as stated by this court in an opinion by the Presiding Judge in the case of Parks v. State, 21 Ala.App. 177, 106 So. 218.

■ In the instant case the deceased is referred to numerous times, sometimes as Artie, Artie Young, Artis, Artis Young and Ollie, but the witness Mary Lee Cunningham definitely refers to the dead man as Artie Young. It is very evident from the reading of the entire record in this case, that the different names used by the witnesses all referred to the same party, and such variance as occurred in the testimony was never brought to the attention of the trial court and evidently was not considered of any importance during the trial.

In Roberson v. State, 217 Ala. 696–700, 117 So. 412, 415, in a case where stress was laid upon an alleged variance in the name of deceased, as stated in the indictment and shown in the proof, the Supreme Court, speaking through Gardner, Justice, said: "We gather from the record that the question here insisted upon rises merely from a failure by the state to show, due to a mere oversight, that the initials referred to by the witnesses in speaking of deceased were the initials of his given name as stated in the indictment." While this expression of the Supreme Court in the Roberson case, supra, may be taken as dictum, and that in a case of this kind it is not necessary to call the attention of the court to the variance, still a state of the record disclosing these facts should be considered in passing upon a question of this character where the name of deceased is indiscriminately called names which are similar. For instance, we know as a matter of common knowledge that a man named "Artis" might well be called "Artie", and he might become as well known by one name as the other. In the instant case he is sometimes referred to as Artis Young and sometimes as Artie Young. So that the question before the jury by the testimony of Maizie Brent and Mary Lee Cunningham, was that the deceased was named Artie Young; while, by the testimony of other witnesses he was designated as Artis Young. One of these who called him Artis Young, referred to him in another part of his testimony as. Artie Young. The jury had before it facts sufficient to find that there was no variance.

■ It is insisted that the indictment named the dead man Artie D. Young, whereas no witness had testified as to the initial in his name. The law knows but one Christian name. The insertion or omission of a middle name or initial is therefore immaterial and may be disregarded. McMahan v. Colclough, 2 Ala. 68; Edmundson v. State, 17 Ala. 179, 52 Am.Dec. 169; Pace v. State, 69 Ala. 231, 44 Am.Rep. 513; Walling v. State, 13 Ala. App. 253, 69 So. 236; Fannin v. State, 20 Ala.App. 122, 101 So. 95.

■ The defendant's counsel on cross-examination of state's witness asked this question: "Was there anything there to keep that negro from going up there and engaging in a difficulty?" This question called for a conclusion of the witness, and the court committed no error in sustaining the solicitor's objection. But the witness proceeded to testify that "there was nothing, unless he was outside the door," and then the witness proceeded to describe the locus in quo.

■ On cross-examination the solicitor was permitted to ask the defendant, while he was testifying as a witness in his own behalf, "I will ask you if you did not come down that corridor and did not go into that Locker Room looking for the negro." There was no objection to this question, and if there had been, such objection would have been properly overruled.

■ On rebuttal, the court declined to permit the defendant to go into the question of the duties of the deceased at the hotel at the time of the difficulty. This was within the discretion of the court, but in any event it was without injury, as this whole matter had been testified to and the duties of the defendant and of the deceased had been testified to by various witnesses.

We find no error in the record, and the judgment is affirmed.

The judgment is affirmed.

Affirmed.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case En Banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.