Appellant was indicted by the grand jury of Dallas County, Alabama, for perjury. The indictment, omitting the formal parts, states that:
"COUNT I
 "The Grand Jury of said County charge that before the finding of this indictment Eddie Murry, whose name is unknown to the Grand Jury other than as stated, did on his examination as a witness, duly sworn to testify on the trial of Will Travis, Jr., in the criminal court of Dallas County, Alabama, under a prosecution upon a charge of Forgery, which said Court had authority to administer said oath, falsely swore that the statement hereto attached is not true and correct. The said Eddie Murry further swore that the hereto attached statement is not true and correct, the matter so sworn to being material, and the testimony of the said Eddie Murry being willfully and corruptly false, against the peace and dignity of the State of Alabama.
"COUNT II
 "The Grand Jury of said County charge that before the finding of this indictment, Eddie Murry, whose name is unknown to the Grand Jury other than as stated, on his examination as a witness, duly sworn to testify, on the trial of One, Will Travis, Junior, in the Circuit Court of Dallas County, under an indictment for Forgery of a check, which said court had authority to administer such oath, falsely swore that he and the said Will Travis did not discuss checks stolen from the City Produce Company of Selma, nor the availability of said checks `to be passed', nor did Will Travis deliver him a check for the purpose of being passed, nor did Will Travis, in any manner, encourage him to pass said check, nor did Will Travis drive him to the business known as Clay's Casino for the purpose of passing a forged check, nor did he discuss with the said Will Travis division of the monies to be received from the passing of the said check, the matters so sworn to being material, and the testimony of the said Eddie Murry being wilfully and corruptly false, against the peace and dignity of the State of Alabama."
The statement referred to in Count I of the indictment is set out below:
 Date "December 2, 1976 Page No. 1
"STATEMENT OF: Eddie James Murry aka Ronnie Murry, 307 Maxey St., Selma, Alabama
 "My name is Eddie James Murry aka Ronnie Murry and I am 22 years old. I have been advised of my rights by Det. Capt. B.M. Bobo of the Selma Police Department and I have signed a waiver of my rights and make the following statement of my own free will.
 "On November 30, 1976, about 10:00 P.M. I was over at Will Travis's house located at the Barbecue Spot on Minter Avenue and Travis told me about William Smiley having some checks on the City Produce Company and that I could probably get one of them from Smiley, get it cashed and give Travis part of the money. Both Travis and I went to Smiley's house on Philpot Avenue and Smiley gave Travis one of the checks on the City Produce Company that was dated November 30, 1976, made payable to James Sanders in the amount of $85.00 signed M.R. Carson. Will and I then got into Will's car and drove to Church's Chicken on Broad Street and Travis waited in the car while I went over to Clay's Casino and tried to get Mr. Clay to cash the check for me. Mr. Clay told me that he did not have enough money up front and that he would have to go into the house and get enough money to cash the check. He also told me that he didn't cash checks for people who didn't buy anything from him. I told him that I would take $1.50 worth of baloney. I was waiting on Mr. Clay to cash the check and cut the baloney for me when the police arrived and arrested me for forgery. They brought me to the Selma Police Dept. and I signed a waiver of my rights on December 1, 1976, at 7:50 A.M. but at that time I told Capt. Bobo that I had not tried to cash my check. On December 2, 1976, Capt. Bobo again advised me of my rights after *Page 987 
I had sent a message to him that I wanted to talk with him and I signed this waiver of rights on December 2, 1976, at 2:12 P.M. I had decided at this time to tell the truth.
 "This is a true and correct statement to the best of my knowledge.
 "Witnesses /s/ Capt. B.M. Bobo /s/ Eddie J. Murry
Capt. B.M. Bobo Eddie James Murry"
Subsequently, appellant was duly arraigned, in the presence of counsel, and he entered a plea of not guilty to the charge against him. Appellant received a trial by jury and was found guilty "as charged in the indictment," appellant having made no motion that the State elect which count should go to the jury. The trial court in accord with the jury's verdict adjudged appellant guilty and sentenced him to five years of imprisonment in the penitentiary. Appellant having been found indigent by the trial court is before this Court with appointed counsel and a free transcript.
A summary of the evidence follows, appellant preserving the question of sufficiency of the evidence through a motion to exclude and motion for new trial.
Sarah M. Greenhaw testified that she was employed as an Assistant Attorney General. On August 9, 1977, Mrs. Greenhaw tried the cue of State versus Will Travis, CC-77-42, in Dallas County, on a charge of forgery. Appellant was a duly sworn witness in that trial. During the course of that trial the court allowed Mrs. Greenhaw to treat appellant as a hostile witness due to surprise. Prior to the trial, appellant had gone over a statement, which he had given to a detective, with Mrs. Greenhaw, affirming the truthfulness and correctness of it. In pre-trial interviews, appellant implicated Will Travis in a forgery; however, at trial, appellant testified that Travis was not involved in the forgery at all. Appellant testified, in response to Mrs. Greenhaw's questions, that he had lied in his prior statement and had lied in pre-trial interviews.
Mrs. Greenhaw identified a statement by appellant, given to a Captain Bobo, as the one which appellant repudiated at the Travis trial.
Neal Clingan testified that he was employed by the Dallas County Circuit Court as a Court Reporter. Clingan identified a transcription of appellant's testimony at the Travis forgery trial and testified that he reported and transcribed the testimony in that case. Clingan certified the transcription as true and correct and it was introduced into evidence without objection. Clingan then read appellant's previous testimony to the jury. In that testimony, appellant repudiated every material element of his statement to Captain Bobo, which has been previously set out.
Will Travis, Jr., testified that he was tried for forgery in August of 1977, and that appellant was a witness in the case. Travis further testified that he had entered a guilty plea to the forgery charge.
William M. Bobo testified that he was Captain of Detectives for the Selma Police Department. Bobo identified a waiver of rights form and a statement, both signed by appellant on December 2, 1976. The statement is set out above, following the indictment. These two documents were placed in evidence over appellant's objection.
Bobo further testified that appellant made this statement after his arrest at Clay's Casino for forgery. Appellant's and Travis's fingerprints were on the check which was taken by police at the Casino. Bobo then read the statement to the jury.
On cross-examination, Bobo testified that, prior to giving the above mentioned statement, appellant told him that Travis had nothing to do with the forgery. Appellant implicated Travis after he spoke with his uncle.
George Jeffcoat testified that he was the State Parole and Probation Supervisor in Dallas County and that he was appellant's supervisor in August, 1977, on a probationary sentence involving forgery. On August 10, 1977, Jeffcoat had a conversation with appellant at the Dallas County Jail.
On voir dire examination, Jeffcoat testified that he had issued an authorization of arrest for appellant because of probation violation. From the record: *Page 988 
 ". . . I went to the jail to ask him about the charge of perjury. I asked him if he had in fact perjured himself in the trial of Will Travis and he explained to me in detail the circumstances of his testimony. And he stated that he had perjured himself because he had been pressured by members of Will Travis' family to do so."
Jeffcoat further testified that he did not advise appellant of his Miranda rights at any time prior to obtaining this statement. Nor did appellant have an attorney present until after this conversation occurred. Jeffcoat only told appellant that no action would be taken against him concerning probation unless he was found guilty of perjury.
Back in the presence of the jury, Jeffcoat repeated the conversation set out above. Appellant entered no objection to any of this testimony.
At this point, the State rested its case and appellant made the following motions which were denied by the trial court.
 "MR. THIEMONGE: Your Honor, at this time we would move to exclude the State's evidence in that they have failed to prove a prima facie case.
 "MR. GREENE: We think we have met the elements of the crime that is set out, Your Honor.
 "THE COURT: Okay. Do you want to elaborate on that or do you want to just leave it at that?
"MR. THIEMONGE: We'll leave it at that.
"THE COURT: Okay. It's overruled.
 "MR. THIEMONGE: We further move at this time to have this case dismissed in that the indictment in count one and count two say `Eddie Murry, whose name is unknown to the Grand Jury other than as stated,' when the statement that is in here, Captain Bobo read in to the record, says Eddie James Murry, aka Ronnie Murry. And the Grand Jury did know two other names and I feel that he should not be put to trial under this indictment. I think that is a fatal variance.
 "THE COURT: Well, if he's not properly named in the indictment I think you should have challenged by demure (sic) of the indictment. I'll overrule that. Anything else?
"MR. GREENE: Judge, could I say something to that?
"THE COURT: Sure.
 "MR. GREENE: I think there's a margin in our case law that the middle name be totally immaterial.
 "MR. THIEMONGE: That may be true, Mr. Greene, but if you will notice here it says `aka Ronnie Murry' and the Grand Jury I'm sure did have this at that time since it was attached to their indictment.
 "MR. GREENE: I don't want to belabor the point, I just want to make that one comment and I think it stands for itself.
"MR. THIEMONGE: I have nothing further.
"THE COURT: Okay. Your motion is overruled."
Appellant testified that he had a conversation with Captain Bobo after having been arrested for forgery. At first appellant denied having attempted to cash the check and he also told Bobo that Travis had nothing to do with the check. Appellant implicated Travis in the offense only after his brother-in-law, not his uncle, told him that he, appellant, would not get out of jail on bond unless he implicated Travis.
Appellant further testified that he had gone over the statement with Mrs. Greenhaw. However, he was not under oath then, and he was not under oath at the time he gave the statement to Captain Bobo. Finally, appellant testified that his testimony in the Travis case, which was read to the jury by Clingan, was correct. Appellant plead guilty in that forgery case and he testified that he was guilty of that charge.
On cross-examination, appellant testified that Will Travis had lied on the stand and that Jeffcoat had also. Appellant denied having told Jeffcoat that he had perjured himself in the Travis trial.
First appellant contends that his confession to George Jeffcoat should have *Page 989 
been excluded from evidence, since he did not waive his rights and his admission was involuntary. Discussion of this issue is pretermitted in that appellant has not preserved the question for review, having failed to object to the evidence at trial.Daniels v. State, 53 Ala. App. 666, 303 So.2d 166; Barnes v.State, 45 Ala. App. 6, 221 So.2d 399, cert. denied, 284 Ala. 727, 221 So.2d 404; 7 Alabama Digest, Criminal Law, 1036.1 (5).
Next appellant urges that the trial court erred in denying his motion to exclude on the basis of a fatal variance, which had been set out above. Here there was not error. It is well established that the law recognizes but one Christian name.Wheaton v. State, 29 Ala. App. 231, 194 So. 712. The omission from the indictment of appellant's middle name is immaterial.Pace v. State, 69 Ala. 231, 44 Am.Rep. 513; Higginbotham v.State, 262 Ala. 236, 78 So.2d 637; Robinson v. State,8 Ala. App. 435, 62 So. 372; Blackmon v. State, 46 Ala. App. 274,240 So.2d 696, cert. denied, 286 Ala. 733, 240 So.2d 699; Jamesv. State, 246 Ala. 617, 21 So.2d 847.
Finally we turn to the sufficiency of the evidence to sustain appellant's conviction for perjury. Section 13-5-110, Code of Alabama, 1975, provides:
 "Any person who wilfully and corruptly swears or affirms falsely or corruptly procures another to so swear or affirm, in regard to any material matter or thing on the trial of any person under an indictment for felony, shall, on conviction, be imprisoned in the penitentiary for not less than three nor more than 20 years."
To constitute perjury, the matter falsely sworn to must be material to the issue in controversy. McDaniel v. State,13 Ala. App. 318, 69 So. 351. And the material matter sworn to must be false or it is not the subject of legal perjury. Winchesterv. State, 20 Ala. App. 431, 102 So. 595. In meeting the burden of proof to sustain a conviction for perjury, the State must prove the falsity of the testimony of defendant by more than one witness or by one witness and strong corroboration from surrounding circumstances. Capps v. State, 29 Ala. App. 192,194 So. 689; Knight v. State, 30 Ala. App. 97, 1 So.2d 668.
Oglesby v. State, Ala., 337 So.2d 381, defines a witness to the corpus delicti of perjury as one,
". . . who has independent knowledge of the facts to
 which the defendant has sworn and who testifies, based on that independent knowledge, that the defendant has perjured himself."
In the case at bar, the evidence is sufficient to sustain appellant's conviction for perjury. First, appellant, in the forgery trial of Will Travis, swore that Travis was not involved in passing a forged check at Clay's Casino, recanting a prior inconsistent statement to Captain Bobo and conversations with Mrs. Greenhaw. The falsity of this material allegation is shown through the testimony of Will Travis, a witness to the "corpus delicti" of perjury, in which Travis testified that he was guilty of the forgery. This witness's testimony is strongly corroborated by George Jeffcoat, who testified that appellant had confessed to him that he had perjured himself upon the Travis trial.
A search of the record reflects no error injuriously affecting the substantial rights of appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.