## FOUST vs. YIELDING.

[ACTION ON OPEN ACCOUNT—APPEAL FROM JUSTICE'S COURT.]

1. *Charge erroneous, because invading province of jury.*—A charge which takes from the jury the right to determine the truth of the evidence, and to ascertain the facts, invades their province, and is therefore erroneous; as where, under the plea of set-off, it asserts without hypothesis "that the defendant is entitled to recover" the amount of the set-off claimed.

2. *Reversal for erroneous charge.*—An erroneous charge is a reversible error, unless the record clearly shows that it was harmless.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. GEORGE D. SHORTRIDGE.

THIS action (Samuel Foust v. John Yielding) was commenced before a justice of the peace, and was founded on an

open account for $15 75. The defendant claimed a set-off of $40, and the justice rendered a judgment in his favor for $20; from which judgment the plaintiff appealed to the circuit court. The bill of exceptions states the following facts :

" On the trial of this cause, the plaintiff proved his account for $15 75, due January 1, 1854, which was not controverted by the defendant. The defendant then proved, under the plea of set-off, by one John Anderton, that plaintiff, defendant and himself entered into a recognizance with one William Patterson, a negro claiming his freedom, for the appearance of said Patterson to abide his trial; that a short time after they had entered into the recognizance, and on the same day, while the three were standing together with said boy, Patterson wanted to know to whom he would first go,—that he was willing to give his labor to his sureties until he obtained his freedom; that Yielding wanted to have the boy a portion of the time, but was willing any way; that witness preferred Foust to keep him; that they went to Foust's store, and were separated for two hours; that Yielding said, he wanted to have a better understanding with Foust, on what terms he was to keep the boy, and witness told him to wait until Foust had leisure; that after this they had another conversation with plaintiff, at the counter, (the boy not being present,) when witness said, that he would prefer, under the circumstances, that plaintiff should keep the boy, as he would be better able to rescue him, if he should be taken or forced away; that witness asked, if plaintiff was willing to take the boy, and to pay each of the other sureties in proportion to the boy's work and labor, and, if they could not agree, they would leave it to men; that plaintiff replied, *that* was fair, and he was willing. Witness further stated, that the boy had requested him, previous to entering into said recognizance, to go his security, and said that he would labor until witness was satisfied; that he did not communicate this promise to either plaintiff or defendant, but prevailed on them to go security with him, in order to secure a trial for the boy. Defendant then proved the value of the boy's services for one year, and that plaintiff had had him twelve months."

The plaintiff then offered evidence tending to reduce the

amount of the set-off claimed by the defendant, by showing that he (plaintiff) had paid out divers sums of money, and incurred considerable expense, in the prosecution of said Patterson's suit for freedom; but this evidence was excluded by the court, and the plaintiff excepted.

"This being all the evidence, the court charged the jury, that the defendant was entitled to recover of the plaintiff one third of the value of the services of said boy for one year, after deducting the amount of plaintiff's account; to which charge the plaintiff excepted."

The charge of the court, and the rulings on the evidence, are now assigned as error.

D. C. HUMPHREYS, for the appellant.

LOUIS WYETH, contra.

RICE, C. J.—The charge of the court below invaded the province of the jury. It took from them their right to determine the truth of the evidence, and to ascertain the facts. Phillips v. McGrew, 13 Ala. 255; Huff v. Cox, 2 ib. 310; Yarborough v. Jones, 2 ib. 524.

Without considering the other questions raised upon the record, we reverse the judgment, and remand the cause, upon the single ground, that the charge of the court was an invasion of the right of the jury, and that this error is not clearly shown by the record to have been harmless.