# Berry *v.* The State.

*Indictment for Murder.*

1. *Organization of grand jury.*—The statute provides that eighteen per-
sons, neither more nor less, shall be drawn and summoned as grand jurors
(Code, § 4738); and further (§ 4753), that the grand jury, when organized,
shall consist of not less than fifteen; and when, of the persons regularly
drawn and summoned, fifteen appear, and are ready and capable to discharge
the duties of grand jurors, the grand jury should be organized with them only
(§ 4754), and the court has no power to add to the number.

2. *Same; objection to indictment, on account of defects in.*—An indictment,
returned by a body organized by the court without authority of law as a grand
jury, will not support a judgment of conviction.

ERROR to the Circuit Court of Elmore.
Tried before the Hon. J. Q. SMITH.

WATTS & SONS, for the plaintiff in error.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The qualifications of grand and petit
jurors, the mode of selecting and summoning them, and the
number which may be selected, and a precept issued to sum-
mon, are the subject of very careful and ample statutory pro-
visions. Not more nor less than eighteen persons can be
drawn and selected, and no precept can be properly issued
for the summoning of any other number, to serve as grand
jurors. When organized, the grand jury cannot be composed
of more than eighteen, nor less than fifteen persons, of the
requisite qualifications. In the first instance, the drawing
and selection of jurors is committed to the judge of probate,
the sheriff, and the clerk of the Circuit Court of the county;
unless the jury is drawn for a City Court, when the clerk of
that court takes the place of the clerk of the Circuit Court.
Their power and authority is exclusive; and the sheriff is
charged with the duty of summoning those who are drawn
and selected. When the court assembles, if fifteen of the
persons so drawn and selected, duly qualified, do not appear;
or if, by reason of excuses or discharges allowed by the court,
or from any other cause, the number is reduced below fif-
teen, the deficiency may be supplied under orders of the
court, the mode of supplying being particularly prescribed.
Code of 1876, § 4754. It is only when there are not fifteen

of those drawn and summoned, in attendance, ready and capable of discharging the duties, that a deficiency could exist. Therefore, it is in that event only the statute has conferred on the court the power to interfere, and compel the attendance and introduction into the constitution of the jury of persons who have not been drawn and selected by the officers charged in the first instance with that duty.

This record discloses that eighteen persons were properly drawn and selected to serve as grand jurors, and a regular precept issued commanding the sheriff to summon them, which was fully executed. All of them, except one appeared, and two were excused and discharged by the court, leaving fifteen in attendance, who were impanelled and sworn. Yet, the court caused three other persons to be drawn from six summoned under its order, who were also sworn of the panel, and served, thus increasing the jury to eighteen. The body thus organized found and presented the indictment upon which the defendant was put on trial and convicted. The court exercised authority the statute withholds, and the grand jury were not organized and constituted as the law requires. The indictment is, consequently, vicious, and the judgment of conviction cannot be supported. The statute is clear and unambiguous in its terms; there can be no necessity for departing from them; and there is no discretion in any court to observe them, or to substitute for them other provisions and other modes of organizing a grand jury.

Let the judgment be reversed, and the cause remanded. The defendant will remain in custody, until discharged by due course of law.