# Trammell *v*. The State.

## *Murder.*

( Decided June 6, 1907.    44 South. 201.)

1. *Grand Jury; Selection; Number.*—Where there were eighteen qualified jurors who appeared, three of whom were excused for cause, it was error for the court to cause four additional persons to be called and sworn as grand jurors, while fifteen of the original veniremen remain.—Section 5023, Code 1896.

2. *Criminal Law; Appeal; Void Indictment; Objection; Time.*—Although not raised on the trial the objection that the inidctment was void because the grand jury finding it was illegally impanelled, is available on apepal.

Appeal from Tallapoosa Circuit Court.

Heard before Hon. A. H. Alston.

Hugh Trammell was convicted of murder in the 2nd degree and appeals.  Reversed and remanded.

Lackey & Bridges, James W. Strother, and Thomas L. Bulger, for appellant.—The grand jury finding the

indictment was not properly organized and the indictment is void.—Section 5023, Code 1896; *Cross v. The State,* 63 Ala. 40; *Berry v. The State,* 63 Ala. 127; *Peters v. The State,* 98 Ala. 38. This question may be raised for the first time on appeal.—*Finlay v. The State,* 61 Ala. 201; *Hall v. The State,* 134 Ala. 90.

ALEXANDER .M. GARBER, Attorney General, for State. —No brief came to the Reporter.

DOWDELL, J.—It affirmatively appears of record that the grand jury by which the indictment was found and returned in this case was illegally constituted. The original venire consisted of 18 persons, all of whom appeared and were ascertained by the court to possess the necessary qualifications, and all were thereupon duly and legally sworn in as grand jurors. Subsequently 3 of said grand jurors were excused by the court, which left 15 of the original venire. With the 15 remaining— the minimum number under the statute—it was still a legally constituted grand jury. The court, however, after having excused the 3, and while 15 yet remained, caused 4 other persons to be called and sworn as grand jurors and added to this number. This was without authority of law, and rendered the grand jury so constituted an illegal body, and consequently the indictmnet returned by it, and upon which the defendant was tried, was a nullity.—Section 5023, Cr. Code 1896; *Perry v. State,* 63 Ala. 126; *Peters v. State,* 98 Ala. 38, 13 South. 334.

The objection is available on appeal, although not raised on the trial in the circuit court.—*Finley v. State,* 61 Ala. 201; *Hall v. State,* 134 Ala. 90, 32 South. 750. Other questions presented need not now be considered. as they may not arise on another trial.

For the error pointed out, the judgment must be reversed, and the cause remanded. The defendant will be held to answer a new indictment, and until discharged according to law.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.