# Tucker v. The State.

### Murder.

(Decided December 21, 1916.   73 South. 385.)

1. **Homicide; Evidence.**—The evidence examined and held sufficient to sustain a conviction for murder.

2. **Same; Preparation.**—There was no error in permitting the state to introduce evidence tending to show that on the evening preceding the shooting defendant purchased ammunition at a neighboring store.

3. **Witnesses; Examination; Cross.**—Where defendant was prosecuted for murdering his wife, and his contention was that she had abandoned him for another negro, it was competent on cross examination of defendant, to inquire whether or not he had caused their separation by ill treatment.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

John Tucker was convicted of murder and he appeals. Affirmed.

C. S. MOON, and J. A. HINES, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

McCLELLAN, J.— (1) The appellant is under sentence of death for the murder of his wife while she was in the dwelling of her parents.   He shot her with a shotgun, at night, through a window opening from the yard into a lighted room.   The evidence was abundant that his act was without slightest excuse or palliation, though he sought to have the degree of his crime lessened upon the theory that at the time he fired she was standing in the room beside another negro of whom the appellant thought she was enamored, and to whose embraces she was preparing to submit herself.   There was positive evidence to the fact that no other man was in the room with defendant's wife, or about the premises, when he shot her.   If the defendant's stated contention was not acceptable to the jury, it is manifest that defendant was guilty of a crime of the highest character, an inexcusable, unpalliated assassination of his wife; he having admitted the fact that he shot her under the circumstances indicated.

[McPherson v. The State.]

(2) There was no possible error in permitting the prosecution to adduce evidence tending to show that on the afternoon preceding the shooting the defendant purchased ammunition at a neighboring store.—*White v. State,* 195 Ala. 681, 71 South. 452; *Rollings v. State,* 160 Ala. 82, 49 South. 329.

(3) The deceased had left the defendant and returned to her parents about a week before she was killed. On his cross-examination by the state it was competent to inquire whether the defendant had caused their separation by his ill treatment of her, thereby, if so, refuting his contention that she was abandoning him for another man, and also reflecting upon the truth of his assertion that her departure was due to interest in another negro. The circumstances indicated were further proper as bearing upon the essential inquiry of the state of the defendant's feeling toward his wife at the time.

(4) Charge numbered 3, refused to defendant, was well refused. The charge invoked the court to invade the jury's province.

No error appearing, the judgment must be affirmed.
Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.