### FANNIN v. STATE.  (5 Div. 482.)

(Court of Appeals of Alabama.  June 10, 1924.
Rehearing Denied June 30, 1924.)

**1. Criminal law ⊂⇒448(2)—Sustaining objection to question whether witness knew of state's witness carrying a gun for accused not error.**

In a prosecution for violating the prohibition law, sustaining an objection to the question whether the witness knew of a state's witness carrying a gun for the accused was not error, since it called for a conclusion or opinion of the witness.

**2. Criminal law ⊂⇒1178—Questions not insisted on in brief of counsel on appeal are entitled to consideration.**

Under Code 1907, § 6264, relating to appeals, the appellate court must consider all questions apparent on record, or reserved on bill of exceptions, and no assignment of error is necessary, and questions appearing in the bill of exceptions, though not insisted on in brief of counsel, will be considered.

**3. Grand jury ⊂⇒8—Mistake in name of grand juror held not to render grand jury illegal or indictment void.**

Where a regular venire contained the name of J. W. M., and the records showed that the name of J. C. M. was drawn as a grand juror and that he was sworn as one of the grand jury, the grand jury was not rendered illegal thereby, nor the indictment void; the insertion or omission of middle name or initial being immaterial.

**4. Criminal law ⊂⇒1032(1) — Indictment not attacked in trial court for failure of grand juror's name to be on venire of jurors not subject to attack on appeal.**

Under Acts 1915, p. 708, providing that, in absence of question as to organization of grand jury in the trial court, proceedings are presumed on appeal to have been regular and legal, where an indictment was not attacked in the trial court because a name of a grand juror sworn did not appear in proper form on the venire of jurors, and the question was not raised by plea in abatement in the trial court as required by statute, it cannot be raised on appeal.

**5. Names ⊂⇒3—No cognizance taken of middle names or initials.**

The law does not take cognizance of middle names or middle initials.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Sterling Fannin was convicted of violating the prohibition law, and appeals.  Affirmed.

Jas. W. Strother, of Dadeville, for appellant.

The name of one of the grand jurors returning the indictment did not appear on the venire, and the indictment was void. Trammell v. State, 151 Ala. 18, 44 South. 201. The objection is available on appeal, though not raised on the trial. Finley v. State, 61 Ala. 201; Hall v. State, 134 Ala. 90, 32 South. 750; O'Byrnes v. State, 51 Ala. 25.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Objection as to the legality of the grand jury is not available for the first time on appeal.  Warren v. State, 18 Ala. App. 245, 90 South. 277; Acts 1915, p. 708; Acts 1909, p. 315, § 23.

BRICKEN, P. J.  There was a general verdict of the jury finding the defendant guilty as charged in the indictment.  The indictment contained two counts; one charging the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors, some part of which was alcohol, and count 2 the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law.  Judgment of conviction was duly pronounced and entered, and an indeterminate term of imprisonment in the penitentiary imposed, from which the defendant appealed.

[1] Upon the trial of this case in the court below but one exception was reserved to the ruling of the court upon the admission of testimony.  Upon redirect examination of defendant's witness Hense Cornell, he testified that he knew state witness Dan Webster, and that according to his (Webster's) statement his feelings toward Mr. Sterling Fannin (defendant) are pretty bad.  Defendant's counsel then asked his witness, "Do you know of his carrying a gun for Mr. Fannin?" The court sustained the state's objection to this question, and defendant duly excepted. There was no error in this ruling.  In the first place, the question called for a conclusion or opinion of the witness, and for this reason the objection was well taken. But, if this was not true, the defendant got the benefit of the testimony sought by having been allowed to state without objection,

while testifying in his own behalf, "I know of his [Webster's] carrying a gun for me."

In the bill of exceptions appear the statements in parenthesis:

"The clerk will here set out as a part of this bill of exceptions the general oral charge of the court in this cause."

"The clerk will here set out each of said given charges separately, as a part of this bill of exceptions."

"The clerk will here set out separately each of said charges which were refused by the court as a part of this bill of exceptions."

The oral charge of the court is not set out in any part of the transcript, nor are the given and refused charges in the record or bill of exceptions. By a submission of this cause in this court in its present condition—that is, without the oral charge and special charges—the appellant is deprived of the benefit of such questions as might have been thereby presented.

Acts 1915, p. 815, provides:

"In case of appeal the charges must be set out in the transcript [record] in the following manner: (1) The charge of the court. (2) The charges given at request of * * * the state. (3) The charges given at request of the defendant. (4) The charges refused to appellant."

And when so incorporated in the record "it shall be presumed that each charge was separately requested" and that an exception was reserved to the giving or refusal thereof.

[2] The questions above discussed are not insisted upon in brief of counsel for appellant, and this may indicate that no reversal of the judgment is insisted upon in this connection. But the statute (Code 1907, § 6264) imposes upon this court the duty of considering all questions apparent on the record, or reserved by bill of exceptions, and provides that no assignment of error is necessary, and in pursuance thereto the questions above discussed have had our consideration.

[3, 4] The insistence is made, however, that the indictment upon which this defendant was tried and convicted is void, because it was preferred and returned into open court by a grand jury illegally constituted, in that one J. C. McGarr was sworn in as one of said grand jury, and was one of the 18 who composed the grand jury which found this indictment, and that the name of said J. C. McGarr does not appear on the venire of jurors drawn and summoned to serve as grand and petit jurors for said term of court. By reference, to the regular venire, consisting of 65 names, we find the name of John W. McGarr (No. 48). The record also shows that the presiding judge in open court (after duly qualifying the jurors and passing upon excuses) drew the names of 18 qualified jurors to serve as the grand jury, and included in this number the name of J. C. McGarr was drawn, and this juror was among those impaneled and sworn as the grand jury to serve at said term of court.

[5] It cannot be conceded that John W. McGarr and J. C. McGarr are two separate and distinct individuals, as contended by appellant. No proof was offered in the lower court in this connection; in fact, the question was not raised in the lower court. The law does not take cognizance of middle names or middle initials. In other words, the law knows of but one Christian name. The insertion or omission of a middle name or initial is therefore immaterial, and may be disregarded. Edmundson v. State, 17 Ala. 179, 52 Am. Dec. 169. For all that this court may know the discrepancy here complained of may be a mistake in the name of Juror McGarr, and, if a mistake only, the statute expressly provides that this is not sufficient ground to invalidate an indictment or quash a venire.

The statute also provides that no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken, except by plea in abatement to the indictment, and the only authorized ground upon which to predicate such plea in abatement is that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same. In the instant case no plea in abatement was filed in the lower court, nor was the validity of the indictment, or legality of the grand jury, questioned in any manner; but for the first time, on appeal in this court, the question is presented and the insistence made.

Appellant insists that the objection to the indictment, upon the grounds stated, is available on appeal, although not raised on the trial in the circuit court. To sustain this contention we are cited the cases of Finley v. State, 61 Ala. 201, Hall v. State, 134 Ala. 90, 32 South. 750, and Trammell v. State, 151 Ala. 18, 44 South. 201. At the time these several decisions were rendered the rule then existing, as construed in the authorities, supra, did allow an objection of this character to be made for the first time on appeal. Pretermitting the merit of the insistence here presented, under the new rule of practice provided by statute the question cannot be presented to the appellate court for the first time. It is now provided that the—

"transcript must not contain mere orders of continuance, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried, * * * unless some question thereon was raised before the trial court; but, in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal." Acts 1915, p. 708.

No question having been raised in the lower court as to the legality of the grand jury or validity of the indictment, this court, under the now existing rule of practice, supra, must presume these matters to have been in all things regular and legal, and the contention here made for the first time must be held to be without merit. Paitry v. State, 196 Ala. 598, 72 South. 36; Charley v. State, 204 Ala. 687, 87 South. 177; Whittle v. State, 205 Ala. 639, 89 South. 43. Moreover, we are of the opinion that the mere mistake in the name of Grand Juror McGarr did not render the grand jury illegal or the indictment void.

No error is apparent on the record. The rulings of the court are free from error. No other questions are presented for review. The judgment appealed from is affirmed.

Affirmed.