### CALDWELL v. STATE.   (5 Div. 437.)

(Court of Appeals of Alabama.   June 10, 1924.
Rehearing Denied Oct. 7, 1924.)

1. **Criminal law** ⬤➡1144(2)—**Where organization of grand jury returning indictment not questioned in trial court, proceedings presumed regular on appeal.**

Where name of one of grand jury returning indictment did not appear in list of jurors summoned for that week, on failure to raise question before trial court as to organization of grand jury, as required by Acts 1915, p. 708, amending Code 1907, § 6256, such proceedings are presumed on appeal to have been regular.

On Rehearing.

2. **Criminal law** ⬤➡1035(6), 1086(10)—**Order for special venire need not appear in transcript and objection not reviewable if question not raised in court below.**

Where no question was raised below as to validity of special venire, it was unnecessary that the order for the special venire appear in transcript on appeal, under Acts 1915, p. 708, and Supreme Court rule 27, as amended (198 Ala. xv, 77 So. vii), and question cannot be raised for first time on appeal.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

James Caldwell was convicted of manslaughter in the first degree, and he appeals. Affirmed.

James W. Strother, of Dadeville, for appellant.

If any member of the grand jury is placed thereon without authority of law, this renders the grand jury an illegal body, and the objection is available on appeal, although not raised on the trial. Trammell v. State, 151 Ala. 18, 44 So. 201; Finley v. State, 61 Ala. 201; Hall v. State, 134 Ala. 90, 32 So. 750; Martin v. Martin, 173 Ala. 106, 55 So. 632; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. [1] The appeal is on the record without bill of exceptions. The only question raised is that one J. C. McGarr, whose name appears as one of the grand jurors impaneled on the grand jury that returned the indictment, does not appear on the list of jurors summoned or those who appeared in obedience to a summons to serve as jurors for that week of the term of court at which the indictment was found.

An act of the Legislature of Alabama (Acts 1915, p. 708), amending section 6256 of the Code, reads as follows:

"*What Transcript Must Not Contain.*—Such transcript must not contain mere orders of continuance, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried nor the order of the court for a special venire or fixing a day for the trial of the defendant unless some question thereon was raised before the trial court; but, in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal."

No question was raised before the trial court on the organization of the grand jury which found the indictment, and by virtue of the act of 1915, supra, such proceedings are presumed on appeal to have been regular. The identical questions involved in the instant case are fully discussed and decided in the opinion of Bricken, P. J., in the case of Sterling Fannin v. State (Ala. App.) ante, p. 122, 101 So. 95.

The cases cited by the learned counsel for appellant were decided before the passage of the act of 1915, supra, and do not now apply.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

———————————————————————————

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## On Rehearing.

[2] There was no question raised in the court below in any manner as to the venire, and it was unnecessary that the order appear in the transcript on appeal. Acts 1915, p. 708. The applicable portion of Supreme Court rule 27, as amended (198 Ala. xv; 77 So. vii), is as follows:

"And in criminal cases the transcript shall not contain the organization of the grand jury which found the indictment, nor the venire, special (in a capital case) or general, for any grand or petit jury, nor the organization of the regular juries for the week or term at which the case was tried, nor the order of the court for service of the copy of the venire or indictment upon the defendant or ·the sheriff's return to said order, unless some question thereon was raised before the trial court and there decided."

The appellant may not raise the question for the first time on appeal. Anderson v. State, 204 Ala. 476, 85 So. 789.

The application for rehearing is overruled.