(107 So. 734)

**LIGHTFOOT v. STATE.  (6 Div. 774.)**

(Court of Appeals of Alabama.  Jan. 19, 1926. Rehearing Denied Feb. 16, 1926.)

1. Criminal law ⚫==>368(2)—Where shooting occurred at party, in general intermittent row, what was said and done between several parties from time of arrival of accused until killing held admissible as constituting res gestæ.

Where killing occurred at party or frolic, evidence of what was said and done between several parties present from time of arrival of accused until shooting of deceased *held* admissible as res gestæ, when there was a general intermittent row.

2. Criminal law ⚫==>786(3).

Instruction that jury might weigh testimony of accused in light of his interest in outcome *held* not erroneous.

3. Criminal law ⚫==>830.

Refusal of charges which were either elliptical, confused, argumentative, misleading, abstract, incomplete, covered by oral charge of court, or stating incorrect proposition of law, *held* not erroneous.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Elmer Lightfoot was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Lightfoot v. State, 107 So. 735, 214 Ala. 264.

The portion of the oral charge to which exception was taken is as follows:

"The jury may weigh the testimony of the defendant in the light of the fact that he is interested. He is the party who is going to suffer punishment, if punishment there be, and in weighing his testimony you may weigh it in the light of that interest."

Gray & Powell, of Jasper, for appellant.

Brief of counsel on original hearing did not reach the Reporter. In brief on rehearing counsel discuss the questions raised and treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The difficulty between other persons, continues in nature and into which the defendant injected himself, was a part of the res geatæ, and evidence of same was admissible. Moulton v. State, 98 So. 709, 19 Ala. App. 446; Nickerson v. State, 88 So. 905, 205 Ala. 684; White v. State, 96 So. 709, 209 Ala. 546; Hall v. State, 96 So. 644, 19 Ala. App. 229; Blair v. State, 99 So. 314, 211 Ala. 53; Stovall v. State, 93 So. 275, 18 Ala. App. 559; Heard v. State, 88 So. 39, 17 Ala. App. 639. The portion of the oral charge to which exception was taken was free from error. Evans v. State, 82 So. 625, 17 Ala. App. 141.

RICE, J.  Appellant was convicted of the offense of manslaughter in the first degree and given a sentence of six years in the penitentiary.

[1] It would serve no good purpose to discuss or detail the evidence, other than to say it appears that appellant shot and killed D. Cornelius at a house where were gathered a number of people. Some kind of frolic or party was going on, with much disorder. A number of those present took part in the fighting and disorder at one time or another, and at least one man, other than D. Cornelius, was killed. We think there was no error in the admission of evidence as to what was said and done between the several parties there present, from the time of appellant's arrival at the house in question to the time of the shooting of Cornelius, the deceased. He was in some way or other mixed up with

a large part of it, and anyhow it seems that there was a sort of general, intermittent row, which constituted the res gestæ from the time of appellant's arrival until he shot deceased, and that the shooting of deceased grew out of the whole sordid mess.

[2, 3] The law of the case was fully and accurately given to the jury in the trial judge's oral charge, taken in connection with the several written charges given at appellant's request. There is no merit in the exception reserved to the specified portion of the said oral charge. The written charges requested by appellant, and refused, have each been examined by us, and we find each of them either elliptical, confused, argumentative, misleading, abstract, incomplete, covered by the oral charge of the court, or stating an incorrect proposition of law. There was no error in refusing any one or all of them.

There was no error in overruling appellant's motion for a new trial. The evidence was ample to support the verdict, and nothing was adduced upon the hearing of the motion sufficient to impeach it.

Appellant's counsel have not favored us with a brief, but we have, in the discharge of our duty, searched the record diligently for prejudicial error, and, finding none anywhere, the judgment will be affirmed.

Affirmed.