(127 So. 678)

## PUCKETT v. STATE.
### 8 Div. 912.

Court of Appeals of Alabama.
March 18, 1930.

Rehearing Dismissed April 8, 1930.

J. N. Powell, of Falkville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted, generally, on a trial under an indictment consisting of two counts, one charging that he did unlawfully distill, etc., prohibited liquors, etc., and the other charging him with unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquor.

There is no necessity of our discussing the evidence. All that took place, or was observed, at the place where the still was found, was a part of the res gestæ. Testimony about all of same was properly admitted. The fact that more than one still was at said place, the testimony tending to show that the whole outfit, whether one or four stills, was a part of *one* illicit liquor manufacturing plant, so to speak, did not put upon the state any duty of electing as to which particular still would be the basis of its prosecution against appellant.

Each exception reserved on the taking of testimony has been examined. In each instance it is apparent that the ruling underlying said exception involves only an elementary principle of law, and is not prejudicially erroneous. No separate discussion is called for.

The court's oral charge, in connection with the written charges given at appellant's request, fully and accurately outlined to the jury the few principles of law necessary for their guidance. A number of the written requested charges refused to appellant are confused and unintelligible as they appear in the record. Where this is not true, it is obvious that they were correctly refused.

There was no proof offered of the special matters alleged in the motion for new trial, as on the ground of any misconduct in handling the jury, while they were considering the case. Said motion was overruled without error.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.