2 So.2d 921
### GRIFFIN v. STATE.
#### 7 Div. 592.

Court of Appeals of Alabama.
May 20, 1941.

Rehearing Granted June 10, 1941.

M. P. Kelley, of Lineville, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Defendant, Tom Griffin, was prosecuted for trespass and the cutting of timber upon the land of Ashland Mineral Land Company. Prosecution was under Section 5555, Code 1923, Code 1940, Tit. 14, § 427. From a judgment of conviction, this appeal was taken.

This case has had our further studious consideration on rehearing. While we are not in accord with the several insistences of error urged upon us by learned counsel for appellant, this court has ascertained that there is a vital error apparent, necessitating a reversal of the judgment of conviction. It is therefore adjudged that our first opinion affirming said judgment be vacated and the instant opinion be substituted in lieu thereof.

The defendant entered upon the land of said company and cut down and appropriated to his own use some growing timber, claiming his right under a bond for title, given him by the company, whereby he was to purchase and pay for the land, $100 in cash (which he paid) and the balance in stated installments. No other payment, except the $100 in cash, was made and after a certain time he was notified by the agent of the company to vacate the property and cease cutting the timber. The defendant ignored this notice and the prosecution was instituted.

The contract was silent as to the right of the defendant to cut the timber. The controlling question is whether the defendant, in due possession of the land and holding under his bond for title, was a trespasser within the meaning of the section, supra. We think not.

From the transaction revealed, the company, which executed the bond for title and thereby agreed to sell the land, sustained, as regards the defendant, substantially the same relation as a mortgagee does to a mortgagor. The defendant, who by the contract undertook to purchase the land, sustained the relation of vendee and became the equitable owner of the property, the vendor company retaining the legal title thereto until full payment of the purchase price. Wimbish v. Montgomery Mut. Bldg. & Loan Ass'n, 69 Ala. 575; Moses Bros. v. Johnson, 88 Ala. 517, 7 So. 146, 16 Am.St.Rep. 58; Loventhal v. Home Ins. Co., 112 Ala. 108, 113, 20 So. 419, 33 L.R.A. 258, 57 Am.St.Rep. 17; Lewis v. Hickman, 200 Ala. 672, 77 So. 46; 19 Alabama Digest, p. 233, Vendor and Purchaser, ☞ 254(3). So, having an equity in the land and in this respect being the equitable owner thereof, 'and having been put into possession or allowed to go into possession of the property under his bond for title,—executory contract of sale, —it is clear he could not be a trespasser in entering upon the property. See also Beatty v. Brown, 76 Ala. 267.

In order to sustain the present prosecution, there must have been a wrongful entry upon the land of another and the cutting of growing timber thereon with larcenous intent. State v. Dodd, 17 Ala. App. 20, 81 So. 356. No such obliquity of conduct of the defendant has been proven in the instant case. For his entry was rightful under his bond for title; nor was this entry upon the land of another, but on the contrary he went into and was in possession of land of which he was the

equitable owner, in which he had a substantial equity. The land company should have sought some other remedy. This action was not available to it. The judgment of conviction should not stand.

The contention, of appellant's counsel, that the motion for a new trial should have been granted on account of the asserted impropriety in the defendant's being put on trial without being represented by legal counsel is wholly untenable. No proof was tendered in support of this allegation of the motion; from aught appearing, the lack of counsel upon trial might have been due to defendant's lack of diligence. There is nothing in the record to indicate that for this reason a reversal of the judgment below should be visited upon the trial court. Special matters, as this, insisted upon in the motion for new trial cannot be considered on appeal unless supported by adequate proof. Puckett v. State, 23 Ala.App. 493, 127 So. 678.

For the same reason, nothing is presented, here, for review with reference to the insistence in brief that an unqualified juror was in the panel which tried the case. The mere assertion of counsel, here, that such was the case is not enough.

Nor can error be rested upon the claimed unconstitutionality of the statute under which the prosecution was laid. Constitutionality of the Act was under consideration by this court in State v. Dodd, 17 Ala.App. 20, 81 So. 356, 357. Speaking through its Presiding Judge Brown—now an Associate Justice of our Supreme Court—it was there stated: "Thus interpreted, the statute embodies a wholesome exercise of legislative authority directed at a prevalent evil and is inoffensive to any provision of the Constitution."

The rationale of that opinion, as the conclusion there reached, is sufficiently clear and comprehensive as authority, here, to resolve the question against the contention of appellant.. There is no such infringement of the Constitution as asserted by him.

It results from what we have said that the conviction of defendant on the facts presented by the record is not warranted. So, the judgment is reversed and the cause remanded.

Opinion substituted; rehearing granted.

Reversed and remanded.