21 So.2d 847

**JAMES v. STATE.**

**3 Div. 425.**

Supreme Court of Alabama.

April 26, 1945.

618

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

Floyd H. Mooneyham, Ed W. Wadsworth, and John A. Sankey, all of Montgomery, for appellant.

STAKELY, Justice.

Appellant was tried and convicted under an indictment charging carnal knowledge or abuse in the attempt to have carnal knowledge of a girl under the age of twelve years. Code of ·1940, Tit. 14, § 398. His punishment was fixed at death. This appeal comes to this court under the automatic appeal act approved June 24, 1943, General Acts, Regular Session 1943, page 217 et seq., Code 1940, Tit. 15, § 382(1) et seq.

A number of reasons are advanced by counsel as grounds for reversal. For convenience we shall consider them in the order of presentation.

(1) The court overruled a motion for a new trial. One of the grounds of the motion is the claim that the court in the presence of all the jurors summoned for the trial of the cause when some of the jurors stated that they had a fixed opinion against capital punishment, said, "I want to ask all jurors inasmuch as some have expressed an opinion against capital punishment, what you would do with the Germans and Japs." Some jurors answered, "kill them." It is argued that the rights of the defendant were seriously prejudiced by the foregoing remark of the court. There is nothing, however, before us on this point which we can review. There is nothing in the record to show that the foregoing statements were made. The only reference to such alleged statements is contained in the motion for a new trial. There was no evidence offered in support of the motion to show that such statements were made. We cannot assume that such statements were made. There is no error in this regard. Hart v. State, 28 Ala. App. 545, 190 So. 95, certiorari denied, 238 Ala. 188, 190 So. 98; Puckett v. State, 23 Ala.App. 493, 127 So. 678, certiorari

denied, 221 Ala. 698, 128 So. 910; Naugher v. State, 241 Ala. 91, 1 So.2d 294.

(2) It is insisted that there was a fatal variance between the indictment and proof as to the name of the injured girl. In the indictment her name is alleged as "Doris Jane Smith." There was no testimony that her name was Doris Jane Smith. There was testimony tending to show that her name was Doris Jean Smith. This does not constitute error. Variance in the middle name is immaterial. 45 C.J. p. 369; Reid v. State, 168 Ala. 118, 53 So. 254; Fannin v. State, 20 Ala.App. 122, 101 So. 95; Walling v. State, 13 Ala.App. 253, 69 So. 236.

(3) It is contended that various remarks of the solicitor were highly improper and prejudicial to the defendant. In one instance in the argument to the jury the solicitor said, "People don't stay in the penitentiary." On the basis of this remark, the defendant moved for a mistrial. The court instructed the jury to disregard the remark. This was evidently a part of the solicitor's argument for the extreme penalty of the law. There is no need to discuss the effect of the remark, because even if it required correction, it was cured by the instruction of the court to the jury. Burkett v. State, 215 Ala. 453, 111 So. 34.

We have carefully examined the other remarks of the solicitor. They need not be set out in detail. In none of the other instances was any objection interposed or exception reserved. There is accordingly nothing here for us to pass on since none of these remarks were "so grossly improper and highly prejudicial * * * as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence." Anderson v. State, 209 Ala. 36, 95 So. 171, 179.

(4) There was evidence tending to support the inference of abuse to the child's genital organs in the attempt to have carnal knowledge. The court in substance charged that any person that attempts to have sexual intercourse with a girl under the age of twelve years and in such attempt bruises or hurts her genital organs, is just as guilty as if he had had actual intercourse. The charge of the court was correct. Lee v. State, Ala., 18 So.2d 706;[1] Dawkins v. State, 58 Ala. 376, 379, 29 Am.Rep. 754. Besides

[1] Ante, p. 69.

620

there was no exception to the oral charge and the automatic appeal statute is not broad enough to require this court on appeal to review the oral charge of the trial court without exception thereto. Easley v. State, Ala., 20 So.2d 519.[2]

(5) Error is sought to be predicated on the refusal by the court to give Charge 1. The court correctly refused this charge. It invades the province of the jury and is misleading. Peters .v. State, 240 Ala. 531, 200 So. 404; Tucker v. State, 198 Ala. 4, 73 So. 385; Foust v. Yielding, 28 Ala. 658; Jennings v. State, 15 Ala.App. 116, 72 So. 690; Enzor v. State, 24 Ala.App. 346, 135 So. 595; Lightfoot v. State, 21 Ala.App. 278, 107 So. 734.

(6) It is insisted that the punishment fixed by the jury was excessive. The punishment fixed by the jury is within the limit prescribed by the statute. Code 1940, Tit. 14, § 398. We have considered with great care all of the testimony in the case. There is no need to set it out, except to say that the proof tended to show abuse of the girl's genital organs and not carnal knowledge. In addition to the requirements of the statute, the proof also tended to show that the defendant used violence and threatened additional violence to accomplish his purpose. As shown above, the statute is directed, not only against the offense itself, when complete, but against attempts to commit it, if in the attempt there is abuse of the genital organs of the child. Authorities, supra. The statute is designed to protect the innocent and helpless. There is no difference in the design of the perpetrator, just because he does not complete his purpose. We are unwilling to say that the verdict of the jury is so decidedly contrary to the great weight of the evidence as to be wrong and unjust. See Easley v. State, supra.

We have not only considered the various points advanced by counsel, but also the entire record, and find no error. The judgment of the lower court is accordingly affirmed.

Affirmed.

The date for execution of the sentence of the court is fixed for Friday, June 15, 1945.

All the Justices concur.