This appeal involves a trial court's denial of an award of an attorney's fee pursuant to Ala. Code 1975, § 12-19-270 et seq., the Alabama Litigation Accountability Act (ALAA). From a review of the pleadings, briefs, and exhibits, the facts appear to be that Bobby L. Warner, as seller, and James M. Bullington, Jr., as buyer, entered into an installment sale contract in 1988 for the sale of a parcel of land. The contract failed to comply with the disclosure requirements of *Page 595 15 U.S.C.A. § 1601 et seq., or the Alabama consumer credit laws of Ala. Code 1975, § 5-19-1 et seq., commonly referred to as the Mini-Code.
From the record, it appears that in April 1990, Bullington defaulted on payment according to the terms of the contract and was notified by the creditor to vacate the property. Bullington thereafter filed a lawsuit alleging violations of the above statutes and requesting rescission of the contract in question, damages, and an attorney's fee. Warner elected to comply with Bullington's request for rescission, refunded the payments made, and requested that Bullington vacate the premises. Additionally, Warner filed a motion to dismiss, asserting that the cause of action was time barred by the applicable statute of limitations, and that the other claims were not ripe.
In spite of the rescission, Bullington elected to continue to pursue his claim for damages and an attorney's fee for the statutory violations. Warner amended her motion to dismiss, to assert that the claim was frivolous, was without substantial justification, and that she should be awarded an attorney's fee upon dismissal, pursuant to the ALAA. Following a hearing and briefs, the trial court dismissed Bullington's claims. In a subsequent proceeding concerning Warner's request for an attorney's fee, the trial court found that "the Court, after having reviewed the provisions of the Litigation Accountability Act, and the representations of [Warner] cannot state that the claims brought by [Bullington] were without substantial justification, therefore the Court finds for [Bullington] as to this issue." It is from this ruling that Warner appeals.
Ala. Code 1975, § 12-19-272(a), states:
 "Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part. . . ."
Ala. Code 1975, § 12-19-273, states that "[i]n determining the amount of an award of costs or attorneys' fees, the court shall exercise its sound discretion." As a prerequisite to awarding attorneys' fees pursuant to the ALAA, the court must find that the claim asserted is "without substantial justification."McArdle v. Bromfield, 540 So.2d 91 (Ala.Civ.App. 1989). Further, the court shall consider, but is not limited to, the numerous factors set forth in the statute. Ala. Code 1975, §12-19-273. Moreover, the award of an attorney's fee is within the court's discretion, subject to correction only for abuse of that discretion. Van Schaack v. AmSouth Bank, N.A.,586 So.2d 192 (Ala. 1991). See also Ex parte Caldwell, 50 Ala. App. 508,280 So.2d 558 (Ala.Civ.App. 1973).
Based upon the scant record before us, we are unable to say that the action filed by Bullington was "without substantial justification." Warner acknowledged that the contract did not contain certain disclosures required by the Federal Truth-in-Lending Act (FTLA). It appears that the contract sought to be enforced by Warner was in the nature of a bond for title, long since ruled to be in effect a deed and mortgage requiring foreclosure proceedings and a recognition of equitable interests in accordance with applicable law concerning property rights and deeds and mortgages. SeeLewis v. Hickman, 200 Ala. 672, 77 So. 46 (1917); Griffin v.State, 30 Ala. App. 194, 2 So.2d 921 (1941).
Upon being notified to vacate the premises, Bullington filed this action to invoke the penalties of the FTLA and the Mini-Code. Concomitantly, Bullington requested rescission, which was complied with by Warner. Within the twenty-day period mandated by § 15 U.S.C.A. 1635(b), Warner complied with the rescission and refunded the monies paid. There is no allegation that the amounts refunded were insufficient or incorrect; however, Bullington continued to assert his claim for damages and an attorney's fee. The parties briefed and re-briefed the trial court regarding why the action should or should not be barred. After reviewing the briefs and pleadings, the trial court found for neither party, dismissed Bullington's complaint, *Page 596 
which action is not on appeal, and denied Warner's claim for fees.
Based upon the matters presented, we cannot say the court abused its discretion in denying Warner's claim; hence, the judgment of the trial court is due to be, and it is hereby, affirmed. The requests of both parties for attorneys' fees for this appeal are likewise denied, hopefully providing an end to this litigation.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.