SMITH, Justice.
Loma Alta Property Owners Association, Inc. (“LAPOA”), petitioned this Court for a writ of certiorari to review the decision of the Court of Civil Appeals reversing the circuit court’s denial of Carol Mahoney’s claim under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975 (“the ALAA”). See Mahoney v. Loma Alta Prop. Owners Ass’n, 52 So.3d 510 (Ala.Civ.App.2009) (“Mahoney II”). We granted certiorari review to consider, as a material question of first impression, the appropriate appellate standard of review for the denial of a claim made under the ALAA. We also granted certiorari review to consider whether the Court of Civil Appeals’ decision conflicts with Dickerson v. Dickerson, 885 So.2d 160 (Ala.Civ.App.2003). We adopt the standard of review applied by the Court of Civil Appeals in Mahoney II, and we conclude that this case is distinguishable from Dickerson. Therefore, we affirm the judgment of the Court of Civil Appeals.

Facts and Procedural History

LAPOA and Carol Mahoney (“Maho-ney”) both stipulate that the Court of Civil Appeals’ opinion in Mahoney v. Loma Alta Property Owners Ass’n, 4 So.3d 1130 (Ala.Civ.App.2008) (“Mahoney /”), correctly sets out the facts and procedural history in the underlying case. That opinion states:
“[LAPOA] sued Carol Mahoney in the Baldwin District Court, claiming breach of contract, account stated, and a property-owners-association lien on real estate occupied by Mahoney. LAPOA alleged that Ms. Mahoney was the owner of unit C-l in Loma Alta Townhomes; that Ms. Mahoney was, therefore, bound by an agreement contained within the condominium declaration for the Loma Alta subdivision to pay property-owners-association fees, assessments, and late charges; and that Ms. Mahoney had failed to pay those fees, assessments, and charges. LAPOA asserted that it was entitled to recover from Ms. Maho-ney damages, including late fees, interest, costs, and an attorney fee, and to have a lien on the real estate occupied by Ms. Mahoney.
“Ms. Mahoney answered the complaint, admitted that she We[d] some money, but not the total amount claimed by [LAPOA],’ and asserted that she was entitled to a setoff because LAPOA had failed to make needed repairs on the unit. On April 11, 2006, the district court entered a judgment in favor of LAPOA in the amount of $5,390, plus costs and an attorney fee of $500. Ms. Mahoney appealed that judgment to the Baldwin Circuit Court on April 25, 2006, for a trial de novo.
*520 “On May 19, 2006, Ms. Mahoney filed an amended answer in the circuit court, generally denying the allegations of LA-POA’s complaint and asserting, among other things, that she did not have a contract with LAPOA. In addition, Ms. Mahoney asserted a claim under the Alabama Litigation Accountability Act (‘ALAA’), § 12-19-270 et seq., Ala.Code 1975. On December 21, 2006, LAPOA amended its complaint, naming Ms. Ma-honey’s former husband, Joseph Maho-ney, as a defendant. LAPOA alleged that Mr. Mahoney was the ‘owner’ of unit C-l in Loma Alta Townhomes and that Ms. Mahoney was a ‘resident’ of the unit. LAPOA also added a claim alleging that, by virtue of the foreclosure of its property-owners-association lien, it was entitled to have Ms. Mahoney ‘evicted’ from unit C-l.
“The circuit court conducted a bench trial on January 26, 2007, at which only one witness — Mary Garey, the secretary/treasurer of LAPOA — testified. Garey explained that the property-owners-association fees and assessments represent the unit owners’ proportionate share of the cost of maintaining and preserving the common areas of the condominium. Garey testified that Ms. Ma-honey had resided in unit C-l of the condominium since March 2000 and that she had paid some of the fees and assessments but that she had stopped paying, contending that she was entitled to set off against the balance the cost of needed repairs that LAPOA had failed to make on the unit Ms. Mahoney was occupying. Garey stated that, according to the condominium declaration, repairs to a unit are the responsibility of the individual unit owner, not LAPOA. Garey identified a document showing the past-due fees and assessments that, LA-POA claimed, were owed by Ms. Maho-ney. Garey testified that Ms. Mahoney had never returned the invoices for fees and assessments to Garey with a request that the invoices be forwarded to someone else. Nor, according to Garey, had Ms. Mahoney ever informed LA-POA that she was not the owner of the unit in which she resided. Garey testified that LAPOA, by virtue of its contract with the owner of each unit, has a lien on any unit for which there are unpaid fees and assessments. Garey said that LAPOA had foreclosed its lien on unit C-l.[1]
“On cross-examination, Garey acknowledged that the owner of each unit is solely responsible for payment of the property-owners-association fees and assessments. Garey admitted that LA-POA had no deed showing that Ms. Ma-honey was the owner of the unit in which she resided, that LAPOA had no contract with Ms. Mahoney, and that LAPOA had no document stating that someone other than the owner of the unit was responsible for payment of the fees and assessments on the unit that Ms. Mahoney occupied. On redirect examination, Garey affirmed the truth of the following inquiry by LAPOA’s counsel: ‘We’re simply asking [the circuit court] to confirm that we’ve got a judgment on this unit, whether it’s owned [by] Ms. Mahoney or whoever it is, because that unit has not paid any dues and assessments, is that right?’
“The circuit court admitted the following documentary evidence offered by LAPOA: (1) the condominium declaration for the Loma Alta subdivision; (2) a statement of fees, assessments, and late charges sent by LAPOA to Ms. Maho-ney on January 24, 2007, indicating a balance due of $6,150; and (3) a ‘Statement of Lien’ filed in the Baldwin Probate Court on October 4, 2004, naming Carol Mahoney as the owner of ‘Lot C *521 I, Loma Alta, as recorded in Map Book II, Page 176, in the Office of the Judge of Probate, Baldwin County, Alabama.’
“At the conclusion of Garey’s testimony, LAPOA rested and Ms. Mahoney’s counsel moved for a ‘directed verdict,’[2] arguing:
“ ‘[TJhere’s been no proof of ownership [by] my client, Carol Mahoney, ... or that she’s bound by any contract that they have failed to present in court showing that she’s responsible for anything....
“ ‘[LAPOA has] gone against the wrong person, and that’s why we move for a directed verdict and ask for award of reasonable attorney’s fees for having to fight this.’
“The circuit court denied the motion. On April 13, 2007, the court entered a judgment in favor of LAPOA and against Ms. Mahoney in the amount of $6,279.10 and awarded LAPOA an attorney’s fee of $5,000. The court did not rule on Ms. Mahoney’s ALAA counterclaim, but we conclude that it was implicitly denied. See Harris v. Cook, 944 So.2d 977, 981 (Ala.Civ.App.2006). On the same day, the circuit court entered a default judgment for the same amount in favor of LAPOA and against Joseph Mahoney. Ms. Mahoney filed a timely notice of appeal to this court on May 15, 2007.
Mahoney I, 4 So.3d at 1131-33.
In Mahoney I the Court of Civil Appeals reversed the judgment of the circuit court because, it held, LAPOA had failed to present any evidence indicating that “it had an express contract with Ms. Mahoney or that it had a reasonable expectation of compensation from Ms. Mahoney on an implied contract.” 4 So.3d at 1135-36. The Court of Civil Appeals remanded the action to the circuit court with instructions for that court to vacate its judgment in favor of LAPOA, to enter a judgment in favor of Mahoney on LAPOA’s claims, and to then adjudicate Mahoney’s claim under the ALAA. See Mahoney I, 4 So.3d at 1136.
On remand the circuit court summarily denied Mahoney’s ALAA claim. Mahoney then moved the circuit court, under Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate its order denying her ALAA claim. The circuit court denied the motion; no transcript appears in the record for a hearing on the motion. Mahoney then appealed the judgment denying her ALAA claim to the Court of Civil Appeals.
The Court of Civil Appeals reversed the judgment of the circuit court, holding that “[b]ecause LAPOA’s claims against Ms. Mahoney were groundless in law, the trial court’s order denying Ms. Mahoney’s ALAA claim is reversed, and the cause is remanded for the trial court to determine an appropriate award.” Mahoney II, 52 So.3d at 517-18. LAPOA then petitioned this Court for certiorari review of the Court of Civil Appeals’ decision. We granted certiorari review to consider, as a material question of first impression, the appropriate appellate standard of review for the denial of an ALAA claim. We also granted certiorari review to consider whether the Court of Civil Appeal’ decision conflicts with Dickerson, supra.

Analysis

We first consider the appropriate appellate standard of review for the denial of a *522 claim brought under the ALAA. The legislature enacted the ALAA in 1987 to deter baseless legal action. See Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 417 (Ala.1993). To effectuate this purpose, the ALAA provides, in pertinent part:
“[I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys’ fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part....”
§ 12-19-272(a), Ala.Code 1975. Section 12-19-271(1) provides that for an action, claim, defense, or appeal to be “without substantial justification,” it must be “frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court.”
Only when a court awards attorney fees under the ALAA must that court “specifically set forth the reasons for such award.” § 12-19-273, Ala.Code 1975. If a court denies a claim for attorney fees under the ALAA, that court is not required to set forth reasons for its denial. In Pacific Enterprises this Court advised:
“[W]e will require a trial court making the ‘without substantial justification’ determination to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record.”
614 So.2d at 418.
The standard of review on appeal from an award of attorney fees under the ALAA “depends upon the basis for the trial court’s determination.” Morrow v. Gibson, 827 So.2d 756, 762 (Ala.2002). In Pacific Enterprises, this Court determined, as an issue of first impression, that
“if a trial court determines that a party’s action, claim, or defense is ‘without substantial justification,’ based on the applicability of any one of these terms or phrases [‘frivolous,’ ‘groundless in fact,’ ‘vexatious,’ or ‘interposed for any improper purpose’], that determination will not be disturbed on appeal ‘unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’ Cove Creek Development Corp. v. APAC-Alabama, Inc., 588 So.2d 458, 461 (Ala.1991).
“However, we conclude that the phrase ‘groundless in law’ clearly calls for a legal determination. Therefore, if the trial court determines that a party’s action, claim, or defense is ‘without substantial justification’ because it is ‘groundless in law,’ that determination will not be entitled to a presumption of correctness. Rather, the appellate courts of this State will test the validity of the trial court’s legal conclusion.”
614 So.2d at 418. In this case the Court of Civil Appeals concluded that “the standard of review on appeal from the denial of an ALAA claim is no different from the standard of review on appeal from the grant of an ALAA claim,” despite the fact that a court is not required to enter findings supporting its decision when it denies a claim for attorney fees under the ALAA. Mahoney II, 52 So.3d at 517.
*523 LAPOA disagrees, arguing that the appellate standard of review for the grant and the denial of attorney fees under the ALAA “cannot logically be the same when a grant of fees under the ALAA is accompanied by specific reasons in support thus giving the appellate court something to review and a denial of fees under the ALAA is usually not accompanied by any reasons in support....” LAPOA’s brief, at p. 24. LAPOA contends that, because a court denying an attorney fee is not required under the ALAA to enter an order stating why it declined the award, application to a denial of an attorney fee of the same standard of review for the grant of an attorney fee under the ALAA improperly requires the appellate court to “reweigh the evidence heard ore tenus ... and to substitute its opinion for that of the trial court’s judgment” in order to determine whether the action, claim, defense, or appeal was groundless in law or groundless in fact. LAPOA’s brief, at p. 28. LAPOA appears to contend that the denial of an attorney fee under the ALAA, including the groundless-in-law category, should be reviewed under the ore tenus standard of review, which provides that “ ‘[w]hen a judge in a nonjury case hears oral testimony, a judgment based on findings of fact based on that testimony will be presumed correct and will not be disturbed on appeal except for a plain and palpable error.’ ” Smith v. Muchia, 854 So.2d 85, 92 (Ala.2003) (quoting Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996)).
We agree with the Court of Civil Appeals that the appellate standard of review set out in Pacific Enterprises applies to both the grant and the denial of a claim for an attorney fee under the ALAA. If a party appealing the denial of a claim for an attorney fee under the ALAA argues on appeal that an action, claim, defense, or appeal was frivolous, groundless in fact, vexatious, or interposed for an improper purpose, the appellate court shall not reverse the denial of the claim “ ‘unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’ ” Pacific Enters. Oil Co. (USA), 614 So.2d at 418 (quoting Cove Creek Dev. Corp., 588 So.2d at 461). If a party appealing the denial of a claim for attorney fees under the ALAA argues on appeal that an action, claim, or defense was groundless in law, the appellate court “will test the validity of the trial court’s legal conclusion” and reverse the denial of the claim only when the record shows that the trial court erred in denying the claim. Pacific Enters. Oil Co. (USA), 614 So.2d at 418.
LAPOA asserts that applying the same appellate standard of review to the award of attorney fees under the ALAA to the denial of attorney fees under the ALAA will require appellate courts to “reweigh the evidence heard ore tenus.” LAPOA’s brief, at p. 28. We disagree. If a court denies a claim for attorney fees under the ALAA after holding a hearing on that claim, and the party seeking attorney fees appeals that denial arguing that the subject action, claim, defense, or appeal was frivolous, groundless in fact, vexatious, or interposed for an improper purpose, the appellate standard of review is equivalent to the ore tenus standard of review.[1] *524 Compare Pacific Enters. Oil Co. (USA), 614 So.2d at 418 with Muchia, 854 So.2d at 92. If a court denies a claim for attorney fees under the ALAA after holding a hearing on that claim, and the party seeking attorney fees appeals that denial arguing that the subject action, claim, defense, or appeal was groundless in law, the appellate standard of review is de novo, which requires the appellate courts of this State to “test the validity of the trial court’s legal conclusion.” Pacific Enters. Oil Co. (USA), 614 So.2d at 418.
Here, Mahoney argued to the Court' of Civil Appeals that “[LAPOA’s] claims against [her] were without substantial justification as they were ‘groundless in law.’ ” Mahoney’s brief to the Court of Civil Appeals, at p. 8. That court agreed, holding that “the record shows indisputably that LAPOA’s action against Ms. Ma-honey was groundless in law.” Mahoney II, 52 So.3d at 517. We also agree.
As the Court of Civil Appeals noted:
“[T]he record conclusively demonstrates that LAPOA knew, before December 21, 2006, when it amended its complaint in the circuit court, that Ms. Mahoney’s former husband, Joseph Mahoney, was the owner of the property because LA-POA’s attorney had, on October 16, 2006, filed in the Baldwin Probate Court a foreclosure deed averring that Joseph Mahoney had been the record title owner of the subject property since May 10, 2005.”
Mahoney II, 52 So.3d at 517. Indeed, the amended complaint “allege[s] that Mr. Ma-honey was the ‘owner’ of unit C-l in Loma Alta Townhomes and that Ms. Mahoney was a ‘resident’ of the unit.” Mahoney I, 4 So.3d at 1131-32 (emphasis added). Because “[a]ll four of LAPOA’s claims against Ms. Mahoney — breach of contract, account stated, property owner’s lien, and eviction — hinged upon its proving that Ms. Mahoney was the owner of the property,” and because LAPOA did not allege that Mahoney was the owner of the property, each of LAPOA’s claims against Mahoney was groundless in law.[2] Mahoney II, 52 So.3d at 517. The ALAA does not define the phrase “groundless in law”; however, this Court in Pacific Enterprises stated that “the phrase ‘groundless in law’ clearly calls for a legal determination.” 614 So.2d at 418. Here, the determination that LA-POA’s claims were groundless calls for a legal determination, not a fact-finding exercise. Specifically, the determination that the claims asserted by LAPOA against Mahoney in the amended complaint were groundless results from recognition that ownership of the property was a required legal element of each claim and that, at the time LAPOA amended the complaint, LAPOA alleged that Mahoney’s former husband, and not Mahoney herself, was the owner of the property. We affirm the Court of Civil Appeals’ decision that the circuit court erred in denying Maho-ney’s claim for an attorney fee under the ALAA.[3]
*525 We also granted certiorari review to consider whether the Court of Civil Appeal’ decision reversing of the circuit court’s judgment denying Mahoney’s ALAA claim conflicts with Dickerson. LAPOA contends that the Court of Civil Appeals’ decision in this case conflicts with Dickerson because, LAPOA says, Dickerson reversed the trial court’s judgment awarding attorney fees under the ALAA and remanded the cause to the trial court for the entry of a judgment that did not make an attorney-fee award despite the fact that the underlying action was groundless in law. We find Dickerson distinguishable from the present case.
Contrary to the position asserted by LAPOA, Dickerson did not hold that the underlying action there was groundless in law. Rather, Dickerson held that “although we conclude that the mother’s efforts to obtain reinstatement of postminority educational support ultimately must fail, we do not think it can be concluded that the mother asserted positions that were so frivolous, groundless, vexatious, or improper as to justify the award of attorney fees under the ALAA.” Dickerson, 885 So.2d at 168. Dickerson follows this Court’s guidance in Morrow that “[the attorney] must have been more than ‘simply legally incorrect’ to justify an award of attorney fees pursuant to the ALAA. The legal insufficiency of his position must be susceptible to a conclusion that no reasonable and competent attorney would have advanced the contention that he did.” 827 So.2d at 763-64. Indeed, in Dickerson the Court of Civil Appeals expressly recognized that “the mother argues with some justification that ‘it is inconceivable that the court would consider her [claims] as a frivolous.’” 885 So.2d at 168 (emphasis added). Because Dickerson did not find that the underlying action was groundless in law, it is clearly distinguishable from the present case. As discussed above, we find no error in the Court of Civil Appeals’ conclusion that LAPOA’s action against Mahoney was groundless in law.[4]

Conclusion

Based on the foregoing, we affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
LYONS, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
WOODALL and MURDOCK, JJ., dissent.

"1 Section 35-8-17(4), Ala.Code 1975, a part of a chapter entitled 'Condominium Ownership,’ provides that '[l]iens for unpaid assessments may be foreclosed by an action brought in the name of the [property owners'] association in the same manner as a foreclosure of a mortgage on real property.'

" [2] In actions tried without a jury, the proper motion is one for a judgment on partial findings, pursuant to Rule 52(c), Ala. R. Civ. P.”

. We note that a court considering a claim for an attorney fee under the ALAA is not required to hold a hearing on the claim and, therefore, ore tenus evidence related to a claim under the ALAA may not exist. See Ex parte Citizens Bank, 879 So.2d 535, 539 (Ala. 2003) (noting that " ‘it is within the court's discretion to hold a separate hearing on an ALAA petition after the entry of final judgment on the merits, provided that the court retained jurisdiction to do so’ ” (quoting Baker v. Williams Bros., Inc., 601 So.2d 110, 112 *524 (Ala. Civ.App. 1992))). Indeed, in this case the circuit court did not hold a hearing on Maho-ney’s claim for an attorney fee under the ALAA or take testimony related to the claim.

. We note that the amended complaint is not included in the record before us because neither party moved to incorporate the record from Mahoney I in the record in Mahoney II or in this Court. Therefore, the facts relating to the contents of the amended complaint are pieced together from the opinions of the Court of Civil Appeals in Mahoney I and Mahoney II. See Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (”[T]his Court is limited to a review of the record alone, and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel.”).

. We note that "the ALAA states that the award of costs and attorney fees is within the sound discretion of the trial court,” Shealy v. Golden, 959 So.2d 1098, 1105 (Ala.2006) (cit *525 ing § 12-19-273, Ala.Code 1975), and we recognize that the circuit court may limit the attorney fees assessed to those fees that accrued after LAPOA amended the complaint. Indeed, we acknowledge that Mahoney answered the initial complaint by “admitting] that she ’owe[d] some money, but not the total amount claimed by [LAPOA].’ ” Mahoney I, 4 So.3d at 1131. Nonetheless, Maho-ney then “filed an amended answer in the circuit court, generally denying the allegations of LAPOA’s complaint and asserting, among other things, that she did not have a contract with LAPOA.” Mahoney I, 4 So.3d at 1131. After LAPOA then filed a foreclosure deed averring that Mahoney’s former husband was the owner of the property and then identified him as the “owner” of the property and Mahoney as a "resident” in the amended complaint, LAPOA continued to prosecute claims against Mahoney — including proceeding to trial — that were without substantial justification.

. Because we did not grant LAPOA's petition for certiorari review on the ground that the decision of the Court of Civil Appeals allegedly conflicts with Sam v. Beaird, 685 So.2d 742 (Ala.Civ.App.1996), and Warner v. Bullington, 624 So.2d 594 (Ala.Civ.App.1993), we preter-mit any discussion LAPOA’s arguments as to this alleged conflict.